No. **SC-CV-23-96**
# Supreme Court of the Navajo Nation

**Legislative Branch/Community
Services Program, the Navajo Nation,
Appellant,
v.
Marty Hatathlie, Appellee.
Decided March 7, 1997**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Thomas W. Christie, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellant; and Helen M. Hierschbiel, Esq., DNA-People's Legal Services, Inc., Tuba City, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by CADMAN, Associate Justice.

The issue raised by this motion to dismiss is who has the duty to make sure the record is transmitted to this Court. We hold that, pursuant to our civil appellate rules, the Appellant bears that burden.

### I

The Navajo Nation Labor Commission filed its final administrative decision in favor of the Appellee, Marty Hatathlie, on May 29, 1996. The Appellant, Legislative Branch/Community Services Program, the Navajo Nation, filed its notice of appeal with this Court on June 13, 1996. The record from the lower tribunal must be transmitted to this Court within thirty days after the notice of appeal is filed. NRCAP 9(a) (2). The administrative agency record was not filed within the time prescribed and no motion seeking an enlargement of time for transmission of the record was filed. The Appellee filed his motion to dismiss the appeal on October 28, 1996.

### II

The Appellee asks for the Court's dismissal of this appeal on the ground that the Appellant failed to timely transmit the complete agency record to the Court. The Appellant responds that transmission of the record is not its duty, but admits

that "an incomplete record on appeal was transmitted by the Navajo Nation Labor Commission ("NNLC") to the Navajo Supreme Court [sic] on August 16, 1996...." The Appellant claims that the administrative agency, here the labor commission, is responsible for transmitting the complete record to the Court. The Appellee reiterates that it is the Appellant's duty, with assistance from the clerk, to ensure that the complete record is before the Court. More disturbingly, the Court's file is devoid of any document showing attempts to put the complete record before us or bring the appeal to a conclusion.

This case represents a common occurrence arising from practice before this Court. Too often, parties file appeals and seem to forget about the case until the opposing party complains of delay. We, therefore, use this opportunity to clarify and stress the Appellant's duty under our civil appellate rules to make a timely transmission of the record and to ensure its completeness; particularly, in appeals from administrative agencies.

Rule 9 of the Navajo Rules of Civil Appellate Procedure,[1] which deals with the composition and transmission of the record on appeal, states the duties of the court or agency from which an appeal is taken and the duties of the Appellant to order a transcript of proceedings. Rule 9(a) (2) requires the clerk of the district court or an administrative agency to compile and index the record and transmit it to the Navajo Nation Supreme Court within thirty days of the date the notice of appeal is filed.

While Rule 9(a) (1) clearly includes the clerk of both a court and an administrative agency, Rule 9(a) (2) does not make reference to the clerk of an administrative agency. Given the clear language of Rule 9(a) (1), the duty to transmit under Rule 9(a) (2) clearly applies to clerks of administrative agencies as well, and the omission is a drafter's oversight.

In any event, Rule 9(a) (2) clearly places the burden upon the Appellant to seek an enlargement of time to transmit the record "to not more than 45 days from the date of filing the appeal." Rule 10(C) makes the Appellant's duty to see that the complete record is transmitted even more clear: "If the Appellant fails to timely transmit the record ... the Supreme Court shall summarily dismiss the appeal on its own motion."

This appeal was filed on June 13, 1996. The motion to dismiss was filed on October 28, 1996. In its response, filed on November 19, 1996, the Appellant admitted that the record on appeal was not complete. The Appellant knew, or should have known, that the time in which to seek an extension under Rule 9(a) (2) having expired, it could have asked for an extension of time under Rule 5(b) upon a showing of good cause. However, despite the acknowledgment that the record was not complete, we see nothing in the file asking for an enlargement of time or to compel agency transmission of the full record immediately. There simply was no attempt made to perfect this appeal.

---

1. All rules cited in this opinion are from the Navajo Rules of Civil Appellate Procedure.

Court clerks are under the immediate control of this Court. Administrative agency clerks or custodians of agency records are beyond the immediate reach of the Court, but within the Court's "all writs" jurisdiction under 7 N.N.C. § 303 (1995). The Appellant had remedies available to facilitate its duty to put the complete record before this Court in a timely manner. Instead, the Appellant shirked its duty and we have no complete record, no motion for relief by the Appellant, and no briefs on the merits.

Accordingly, we find that the Appellant has failed to prosecute and thus abandoned its appeal. The appeal is summarily dismissed.