OPINION AND ORDER

BRIEF STATEMENT OF FACTS

This matter came before the Hopi trial court as an appeal from an order of exclusion issued by the Chairman of the Hopi Tribe (Appellee) pursuant to Hopi Tribal Ordinance 46. The trial court affirmed the Appellee’s administrative decision to exclude Appellant from the Hopi Reservation.
Appellant asserts that Ordinance 46 is unconstitutional. Appellant argues that the decision-making process of her exclusion denied her due process and therefore violated her civil rights.

DISCUSSION

I.The Hopi Appellate Court’s Jurisdiction and Standard of Review.
“The Appellate Court of the Hopi Tribe shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court.” Hopi Ordinance 21, section 1.2.5 “Any party who is aggrieved by a final order, commitment or judgment of the trial court may appeal.” H.I.R.C.C.P Rule 37(a). This is an appeal of a final judgment.
Having proper jurisdiction, the appellate court shall review the lower court’s conclusions of law de novo. Nevayaktewa v. Hopi Tribe. 97AC000004, 1 Am. Tribal Law 436 (1998); Coin v. Mowa, AP-005-95 (1997). The Appellate Court shall decide all cases upon the briefs, memoranda and statements filed plus the record of the trial court. H.I.R.C.C.P. Rule 37(j). The Appellate Court will only review factual findings for clear error. Coin v. Mowa.
II. The Hopi Tribal Courts have jurisdiction to review exclusion orders.
Appellant contends that the Hopi Tribal Court lacks jurisdiction to review the Hopi Tribe’s Order of Exclusion. Appellant’s claim is without merit.
Ordinance 46 specifically grants the Hopi Tribal Courts jurisdiction to review exclusion orders: “The Hopi Tribal Court shall have jurisdiction to review exclusion orders under this Ordinance.... Only that information provided at the hearing or otherwise part of the record and considered by the Chairman shall be reviewed by the court.” 46.03.01, With respect to Appellant’s exclusion, the trial court considered the administrative record, submitted briefs and heard oral argument in this matter. The court acted within its jurisdiction in reviewing the Appellee’s order of exclusion.
III. The Hopi Tribe has an inherent power to exclude nonmembers.
It is well settled that the Hopi Tribe, and all Indian tribal governments, have the inherent power to exclude nonmembers as an exercise of their sovereign power in order to protect the health and safety of tribal members. Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 102 S.Ct. 894, 71 L.Ed.2d 21 (1982); Babbitt Ford, Inc. v. Navajo Indian Tribe, 710 F.2d 587 (9th Cir.1983); Hardin v. White Mountain Apache, 779 F.2d 476 (9th Cir.1985). Therefore, by enacting Ordinance 46, the Hopi Tribal Council has acted to prescribe its authority to “provide by ordi *428 nance for removal or exclusion from the jurisdiction of any nonmembers whose presence may be harmful to the members of the Hopi Tribe.” Constitution and ByLaws of the Hopi Tribe, Article VI, section l(i).
Ordinance 46 recognizes the Hopi Tribe’s inherent right to protect its tribal members, lands and resources. Ordinance 46 first explains that the Hopi Reservation is closed and shall be for the exclusive use and benefit of members of the Hopi Indian Tribe. Closure “means that entry into and use of the Hopi Indian Reservation is restricted to members of the Hopi Indian Tribe and those persons authorized to be upon the Hopi Reservation in accordance with Hopi and federal laws and regulations.” 46.01.06(a), emphasis added.
In addition, Ordinance 46 provides the process for the exclusion and removal of nonmembers in order to protect the heath, safety, economic security and general welfare of the Hopi people. The ordinance allows the Chairman to initiate the exclusion process for any nonmember for certain enumerated reasons.
Persons subject to exclusion are any nonmember:
(a) who enters or remains upon a closed portion of the Hopi Indian Reservation in violation of this Ordinance; or
(b) who violates any other Ordinance or law of the Hopi Indian Tribe or any Hopi Village; or
(c) who violates any law of the United States; or
(d) who engages in conduct that would be a violation of the criminal laws of the Hopi Indian Tribe if that nonmember were subject to the criminal laws of the Hopi Indian Tribe.
46,02.01. Nonmembers falling into one of the above categories “shall be deemed a person whose presence on the Hopi Indian Reservation may be harmful to members of the Hopi Indian Tribe. All such persons may be excluded and removed from the Hopi Indian Reservation.” Id.
Consequently, Ordinance 46 is the Hopi Tribes’ recognition and public notice that its federally recognized reservation territory is presumed closed to non-members. Furthermore, Ordinance 46 is a codification of the Tribes’ inherent right to exclude non-members from its reservation boundaries for the protection of Hopi public health and welfare and the process by which such removal may occur.
IV. Excluded nonmembers must demonstrate a protected liberty or property Interest in order to be entitled to due process.
Appellant asserts that she was denied her due process rights in the exclusion proceedings against her. Under the United States Constitution, due process requirements are triggered only when a person’s liberty or property interests are at stake. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under the Indian Civil Rights Act’s (ICRA) due process clause, the tribal government may not “deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process.” In exclusion cases, the excluded would have to demonstrate either liberty or property interests that were significantly restricted by exclusion before due process would be required.
A. Appellant has not demonstrated a restriction of her liberty interests.
Federal courts’ reviews of tribal decisions resulting in the exclusion of nonmembers have consistently held that nonmembers do not suffer a severe restriction *429 on liberty by being excluded from tribal lands. Merrion v. Jicarilla Apache Tribe; Babbitt Ford, Inc. v. Navajo Indian Tribe, 710 F.2d 587; Hardin v. White Mountain Apache. The remedy for any alleged ICRA violation or allegation of a restriction on personal liberty is limited to review under a writ of habeas corpus. Habeas corpus review is available to a person who is subject to detention. A potential issue, therefore, is whether “exclusion” constitutes detention.
In Poodry v. Tonawanda Band of Seneca Indians, tribal members were banished, stripped of their lands, their names, their enrollment status, and their Indian citizenship after being charged with treason. 85 F.3d 874 (2nd Cir.1996). The court found that this was a restriction on their liberty interests. While Poodry implied that exclusion in this case was analogous to detention, the facts of the present case are significantly different. Here, the Appellant is a non-indian. Therefore, she can have no claim, legal or otherwise, to land within the Hopi Reservation.
In addition, those members excluded in Poodry were able to demonstrate that they had liberty interests on the reservation. Poodry implies that the exclusion as detention argument is limited to tribal members, or nonmembers who can demonstrate a significant liberty or property interest on the reservation. Appellant’s argument that she has befriended many members of the Hopi Tribe and would suffer if not permitted to continue her association with those tribal members does not support a finding of restraint on personal liberty. Moreover, Appellant has no standing to assert the perceived third-party rights of any tribal member whom she claims would be detrimentally affected were she not permitted to remain on the Hopi Reservation.[1]
B. Appellant has not demonstrated a restraint of her property interests.
Due process requirements are also triggered when a person’s property interests are at stake. Mathews v. El-dridge. However, these due process requirements are different from those required in cases where liberty is at stake. When personal liberty is threatened, and a person is being detained, they are entitled to a jury trial, representation by competent counsel, and other due process requirements. With property interests, the due process requirements are less stringent. Basic due process rights such as proper notice and an opportunity to defend oneself are included, but there is no fundamental right to a jury trial, for example.
When a party is the subject of a non-criminal investigation, where liberty is not at stake, but the party’s property is at stake, that party is entitled to due process, albeit less restrictive than when liberty is at issue. An administrative hearing, for instance, “need not take the form of a judicial or quasi-judicial trial,” but notice and a hearing are still required Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).
Appellant argues that she has personal property interests that will be jeopardized if she is required to leave the Hopi Reservation. She asserts that she owns several head of sheep, and that that ownership alone constitutes a property interest. This Court disagrees.
*430 If Appellant’s property were real property-land, in other words—-she may have been able to show that she had property interests that would be threatened were she required to leave the Reservation. However, Appellant owns no land, and no property affixed to any land. This point is critical because, as a non-member, she can never qualify for land ownership or use within the Hopi Reservation. Thus, although her alleged sheep require grazing, they are tangible objects which may be removed from the land they now occupy.
Appellant’s property interest in her sheep is in no way detrimentally harmed. She may either take them with her when she leaves the Hopi Reservation, or she may sell them at fair market value. It is the opinion of this Court that owning sheep does not bestow upon Appellant the type of property interests protected by the due process requirements set forth in the Indian Civil Rights Act and the Constitution of the United States.
For the sake of argument, were Appellant to have protected property interests, the exclusion process outlined in Ordinance 46 satisfies the minimum due process rights that would be required.
C. Ordinance 46 satisfies minimum due process requirements.
Pursuant to Ordinance 46, Appellant was given adequate notice of the proposal to exclude. She was also given the opportunity to respond in writing, and to have an administrative hearing. The process was civil in nature, and the inapplicability of Hopi criminal law to the Appellant was acknowledged. Appellant was not tried for criminal offenses, nor was she subjected to potential detention.
Ordinance 46 provides that a person subject to exclusion will have notice, a hearing, the right to present and examine witnesses, the right to be represented by counsel, and the right to present evidence as to why exclusion should not be ordered. These elements of due process satisfy what would be required in a civil administrative hearing where a party’s property interests are at stake.
Due process requirements are triggered when a person’s liberty or property interests are at stake. When a person’s liberty is restricted, he or she is entitled to high standards. At no point was Appellant’s liberty in jeopardy. When property interests are at stake, a party is entitled to less stringent due process rights. Appellant was afforded adequate notice, the opportunity to respond in writing and in person at an administrative hearing. She was also afforded the opportunity to cross-examine adverse witnesses, as well as present witnesses on her own behalf.
Appellee argues that even these minimum requirements were not necessary because Appellant asserted no protected interests and that as a nonmember, she has no property rights in Hopi tribal land. It is beyond the scope of this Court’s present discussion, however, to address the issue of whether exclusion hearings ought to have a minimum due process standard.
V. There is no jurisdictional conflict between Hopi Ordinance 46 and Hopi Ordinance 21.
Appellant asserts that Ordinance 46 is in conflict with Ordinance 21. She claims that both ordinances grant exclusion jurisdiction to separate branches of tribal government; Ordinance 46 to the Tribal Council, and Ordinance 21 to the Hopi Courts. Ordinance 21 confers original jurisdiction on tribal courts “to enforce the provisions of any lawful ordinance of the Hopi Tribe providing for the exclusion from the Hopi Indian Reservation of persons not legally entitled to reside therein.” *431 Section 1.7.3 (emphasis added). The courts are not granted any other jurisdictional powers regarding exclusion.
Ordinance 46 merely affirms the enforcement jurisdiction of the court, while granting original exclusion jurisdiction to the Hopi Tribal Chairman. In summary, the Tribal Council determines when and who to exclude, and initiates the procedure outlined in the Ordinance. Once an Order of Exclusion has been issued by the Tribal Council, the Tribal Court enforces the Council’s decisions if contested. Clearly, these two ordinances do not confer conflicting jurisdiction to different areas of tribal government.
VI. The Trial Court did not err in affirming Appellee’s Order of Exclusion.
In reviewing Appellant’s exclusion, the trial court acted as an appellate tribunal and was limited to reviewing “only that information provided at the hearing or otherwise part of the record and considered by the Chairman.” 46.03.01. The trial court examined the administrative hearing record and findings of the hearing officer (appointed by the Council, at Appellant’s request).
Appellant claims that at the exclusion hearing, the hearing officer impermis-sibly considered hearsay evidence in determining whether exclusion was appropriate. However, the trial court held that admission of hearsay evidence is allowed when there is other sufficient evidence to support the findings. The trial court did not err as a matter of law when it held that a hearing officer at an exclusion hearing may rely on hearsay if the record, as a whole, supports the larger allegation that the presence of the party being excluded may be harmful to the Hopi people. Brown v. Rock Min. Co., Inc., 996 F.2d 812, 816 (6th Cir.1993). The Hopi Appellate Court shall review the factual findings of the court for clear error only, and defer to the decision of the lower court absent abuse of its discretion. Coin v. Mema. If the administrative hearing record contains evidence, other than hearsay, supporting the trial court’s finding that Appellant’s presence was potentially harmful to the Hopi people, then the trial court’s decision should be deferred to.
In addition to hearsay evidence supporting exclusion[2], there was non-hearsay evidence illustrating Appellant’s potential harm to the Hopi people. Exhibits were presented at the hearing, including photos of Appellant with members of the Navajo Tribe, who were cutting a fence on Hopi Partitioned Land (HPL). While the specific purpose of the fence is unknown to this Court, it presumably has a purpose, and destruction of Hopi property is direct evidence of harm to the Hopi people. In addition, one witness testified as to his knowledge that Appellant has assisted violators of HPL livestock regulations in recovering their impounded livestock. This evidence of activity contrary to Hopi rules and regulations is also evidence indicating potential harm to the Hopi community.
Evidence was also presented showing that Appellant was charged with writing a bad check.[3] While this activity did not occur on the Hopi Reservation, conduct of *432 this sort would be a crime if committed by a member of the Hopi Tribe on Hopi land. Appellant’s activity off the reservation reflects her potential activity on the Reservation, and it was not inappropriate for the hearing officer to consider it in making its decision.
In conclusion, the non-hearsay evidence presented at trial was sufficient to support a finding that Appellant’s actions were, and may continue to be, harmful to members of the Hopi Tribe. The admission of hearsay evidence was therefore permissible. The combination of all the evidence presented was enough to constitute a reliable record upon which the hearing officer could base his decision. The trial court affirmed the hearing officer’s decision. This Court will not find clear error when there is an iota of evidence in the record to support the trial court’s finding of harm.

CONCLUSION

The Hopi Tribal Court had jurisdiction to review the order of exclusion at issue on this ease.: The lower court found that there were no due process violations during Appellant’s exclusion process. Therefore, it is hereby ordered that the judgment of the trial court., affirming Appellee’s order excluding Appellant from the Hopi Reservation, is affirmed.

. Likewise, Appellant claimed that her Freedom of Speech would be violated were she excluded from the Hopi Reservation, It is well-settled that free speech is not absolute; for instance, one may not shout "fire” in a crowded theater, or engage in speech to incite violence. Schenck v. United States, 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470; Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

. The hearsay evidence included testimony, by a purported Hopi officer, that several families located on Hopi Partitioned land wanted Appellant excluded, and that Appellant was responsible for spreading misinformation about herself throughout the community, in-eluding rumors that she was a U.N. representative, a lawyer, and a legal assistant.

. After failing to appear in court, a bench warrant was issued for Appellant's arrest. However, payment was subsequently made, and the warrant was quashed.