*In the Matter of Validation of Marriage of*
*Eva WHITEHORSE*
Petitioner-Appellant
*and*
*Chester Bekis*
Deceased

In the Supreme Court of the Navajo Nation

No. SC-CV-30-00

March 17, 2003

F.D. Moeller, Esq., Farmington, New Mexico, for Petitioner.

Sandra E. Nemeth, Esq., Fort Wingate, New Mexico, for Respondent Betty Todacheeny.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by FERGUSON, Associate Justice.

This dispute involves a contested validation of a traditional Navajo marriage of the Appellant, Eva Whitehorse (Whitehorse) to Chester Bekis (Bekis) who is deceased. We hold that the Petitioner/Appellant, Whitehorse, alleging she is the wife of the decedent is bound by the decisions in two different Navajo Family Courts denying her petitions for validation. While the Kayenta District Court

initially granted the petition to validate the marriage based upon a peacemaking determination in Kayenta, a similar case was already pending in the Shiprock District Court in which Whitehorse' petition was denied. The Kayenta District court later vacated its decision to conform with the Shiprock Family Court's denial of validation of marriage. The Shiprock Court's decision is a final and binding order with preclusive effect. The Shiprock Family Court affirmatively found that "the petitioner failed to prove by preponderance of the evidence the requirement set forth under 9 NNC § 3 (E) (4)(1995), which requires a showing that a couple actually held themselves out as being married "within their community." A separate finding by the court explained that, "The relatives of the decedent testified that they were not cognizant of the acquaintance of the petitioner and Bekis as that of a marriage and thereby objected to the petition." We may infer from the finding that the court accepted that fact as true and thus, found that Whitehorse and Bekis did not hold themselves out as being married in the Beclabito Community within the judicial jurisdiction of the Shiprock Family Court.[1]

The sole issue on appeal is whether the Shiprock judgment was final and binding with a preclusive effect on actions later filed involving the same case.

The parties agree that the appeal hinges upon the application of Rule 39 (b) of the Navajo Rules of Civil Procedure. That rule addresses the effect of an involuntary dismissal by a court. It permits the court to enter a judgment against the plaintiff at the close of the plaintiff's case or withhold judgment until the close of all evidence, and then:

> If the court renders a judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 (a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

Whitehorse focuses upon the court's concluding language in its finding about the failure of proof in the Shiprock case, that the "requirements" of the marriage code were not proven, "including a lack of jurisdictional foundation." She contends that the court dismissed the petition on a jurisdictional ground, and that the action was dismissed without prejudice to bring another action. The Respondent/Intervenor, Betty Todacheeny urges the Court to read the entire order to resolve the dispute of interpretation, and whether the Shiprock order was an adjudication on the merits or one which was dismissed for a lack of jurisdiction.

We resolve the conflicting interpretation of the order by using the ancient axiom that one must always read a legal document between its four corners,

---

[1] 9 N.N.C. § 4 requires a jurisdictional foundation in the judicial district where the cause of action is held.

whether it is a contract, statute, or court order. First, the Shiprock order is clearly a judgment against Whitehorse under N. R. Civ. P. 39 (b). The order was in the form of findings of fact and conclusions of law as required by Rule 52 (a). Secondly, the findings recited the fact of a hearing with testimony involving Whitehorse, "a witness, and relative of the decedent." The order recited ultimate facts going to the statutory requirements for common law marriage, found by implication that the couple did not hold themselves out as being married in their community, and concluded that Whitehorse did not prove the requirements for common law marriage by preponderance of the evidence. Therefore, the order was clearly an adjudication on the merits which bound the parties. While the rule permits a dismissal order, in the future, it would be wise for judges to use the term "judgment" to avoid confusion.

A petition to validate a marriage is an action to establish a legal status which affects anyone with an interest in the marriage, and for that reason, it was proper to give notice of the pendency of the petition in a newspaper of general circulation. The status of marriage is crucial to many people, because a surviving spouse's rights and the inheritance interests of children, or other heirs, are implicated. The statute creating the action to validate a marriage does not provide guidance on the type of notice appropriate. Rule 4 of the Navajo Rules of Civil Procedure provides that in general, personal service and certified mail may be acceptable in addition to publication. However, in certain situations, service by publication may be necessary. We hold that in proceedings to validate a marriage where one alleged spouse is deceased and therefore is unable to object to the proceedings or provide his or her own witnesses, service by publication pursuant to the rule is deemed proper.

Having concluded that the Shiprock judgment was one against Whitehorse on the merits, we now address the two Kayenta judgments, the first validating the marriage and the second, vacating that validation. Todacheeny claims that Whitehorse was forum shopping. Whitehorse filed a second marriage validation petition in the Kayenta Family Court without withdrawing the Shiprock case. Whitehorse submitted a peacemaking agreement in which her own sister and a "relative" of the decedent agreed that a common law marriage existed between Whitehorse and Bekis. She did so after Todacheeny and "relatives of the decedent" in the Shiprock case asserted that there was no common law marriage. The Kayenta court initially accepted Whitehorse's assertion and turned the peacemaking agreement into a judgment. The Kayenta Court should have been put on notice when the proposed order submitted recited that the residence of the couple was within the Beclabito Chapter. That chapter lies within the jurisdiction of the Shiprock Judicial District for purposes of venue.

Whitehorse's claim of a common law marriage between Chester Bekis and herself is identical in Shiprock and Kayenta cases. Where the claims are identical, demands or causes of action affecting the same thing between the

same parties, or their privies, in one action, and a judgment on the merits, the later action is precluded by the principle of *res judicata*. *Austin v. Austin,* 7 Nav.R. 47 (Nav. Sup. Ct. 1993). This principle prohibits the same dispute from being relitigated more than once. In *Austin,* we noted that both Navajo common law and the Navajo Rules of Civil Procedure recognize *res judicata* as an affirmative defense. Nav. R. Civ. P. 8(2)(H) (1989 ed.)

Whitehorse raised the question of whether Todacheeny had standing to dispute the marriage. We agree with Todacheeny that the issue has been waived. We note that the Shiprock order describes Todacheeny as the "daughter of the decedent," and that Kayenta order being appealed here describes Todacheeny as "the alleged daughter of Chester Bekis (deceased)." It appears that the Shiprock Family Court allowed Todacheeny to intervene, and Whitehorse did not challenge her standing at trial or on a direct appeal of that case. Whitehorse initially chose the Shiprock Family Court and chose to litigate that case to a conclusion. She is precluded from challenging Todacheeny's standing because she may not raise a new issue on appeal unless it pertains to the Court's subject matter jurisdiction. *Gudac v. Marianito,* 1 Nav. R. 385, 394 (Nav. Ct. App. 1978), *Lee v. Tallman,* 7 Nav. R. 191, 192–3 (Nav. Sup. Ct. 1996), *Navajo Housing Authority v. Dana,* 5 Nav. R. 157, 160 (Nav. Sup. Ct. 1987), *Navajo Nation v. Crockett,* 7 Nav. R. 237, 238 (Nav. Sup. Ct. 1996).

Based upon these considerations, the May 8, 2000, Order of Judgment of the Kayenta Family Court is hereby affirmed in vacating its previous validation of marriage between Whitehorse and Bekis.