Margie BARTON
*Petitioner-Appellant*
*vs.*
*NAVAJO NATION ETHICS AND RULES OFFICE*
Respondent-Appellee
Ex rel: Lewnell B. Harrison

In the Supreme Court of the Navajo Nation

No. SC-CV-48-01

September 15, 2003

William P. Battles, Esq., Window Rock, Navajo Nation (Arizona), for Appellant.

Virgil Brown, Jr., Esq., Ethics and Rules Office, Window Rock, Navajo Nation (Arizona), for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by FERGUSON, Associate Justice.

This is an appeal from a decision by the Ethics and Rules Committee of the Navajo Nation Ethics and Rules Office (the Committee) finding Appellant Margie Barton (Barton) in violation of the Ethics in Government Law.[1] Decisions entered by the Committee are appealed to this Court pursuant to 2 NNC § 3771 (A), which grants this Court jurisdiction to hear appeals from final decisions limited to questions of law.

On October 22, 2001, the Committee imposed sanctions as follows: Barton shall be terminated from employment with the Navajo Nation Regional Behavioral Health Authority and shall not be eligible for employment with the Navajo Nation for a period of five (5) years; Barton shall be immediately removed and disqualified from all public elective offices subject to the Navajo Nation

[1] Appellant was charged with violating 2 NNC §3747 (A)(1), Restrictions against incompatible interest or employment; 2 NNC §3753, Unauthorized personal use of property or funds of the Navajo Nation; 2 NNC §3752(C), Unauthorized compensation or benefit for official acts; and Section XVII, Navajo Nation Personnel Policies.

Election Code, including the positions of the Dilkon Chapter Secretary-Treasurer and Dilkon Community School Board; Barton shall be ineligible for any Navajo Nation elected office for a period of five (5) years; and Barton shall pay restitution to the Navajo Nation in the amount of Two Thousand Nine Hundred Seventy-Four Dollars and Eighty-One Cents ($2,974.81).

## ISSUES

The issues addressed by this Court are (1) whether the failure of the Committee to recognize and apply the "flex time" policy constitutes abuse of discretion; (2) whether upon having been found in violation of Navajo Law, Barton is required to pay restitution to the Navajo Nation and to the Dilkon Community School Board, notwithstanding services she may have provided to the School Board for wages she received; (3) whether the Committee violated Barton's due process by not following its own administrative rules in failing to immediately translate a witness's testimony from Navajo to English; and (4) whether the Committee's rules and proceeding violated Barton's due process and equal protection rights.

## ANALYSIS

The first issue is whether Barton can claim a regular salary based upon earned "flex time" while attending a meeting as an elected official. Barton did not take annual leave or leave without pay, and claims she was granted "flex time" to attend to duties in her elected capacity, thereby placing her outside the parameters of violating Navajo law. Navajo Nation Personnel Policies XVII (D) along with 2 NNC 2 §3752 make clear that Navajo Nation employees who are also elected officials are prohibited from claiming a salary while attending a meeting as a elected official, and are required to take annual leave or leave without pay to tend to their elected position duties. No "flex-time" is mentioned in the statute. When the language is clear, plain and unambiguous, it must be held to mean what it says. *Becenti v. Navajo Forest Products Industries*, 4 Nav. R. 147, 148 (Nav. Ct. App. 1983).

Barton argues the Committee abused its discretion by disregarding testimony which supported her position that there was indeed a "flex time" policy applicable in her situation. The record indicates the Committee members were not convinced by testimony to support a "flex time" policy or procedure being in place when Barton claimed "flex time." It has been a practice of this Court to give deference to an agency's interpretation of its law. *Largo v. Gregory & Cook, Inc.*, 7 Nav. R. 111 (Nav. Sup. Ct. 1995). No error or abuse was committed by the Committee in its finding that the "flex time" policy and procedure was not available in this case.

The second issue is whether Barton is required to pay restitution to the Navajo Nation, the Dilkon Community School Board and/or the Dilkon Chapter

for salary she received for unauthorized "flex time."[2] The questions as to whether Barton provided services to the School Board by attending the required meetings, whether Barton is required to pay restitution to the School Board and/or Chapter, and the appropriate amount of restitution were not brought up at the Committee's hearing, although the Navajo Nation requested restitution as relief.[3] These issues were brought up for the first time on appeal. It is possible restitution was discussed in an executive session and therefore is not in the record, but the record indicates Barton did not raise any objections at the Committee hearing as to the use of executive sessions nor did she raise it on appeal.[4] We may not address or make decisions on issues raised for the first time on appeal and about which we have no facts.[5] *Gudac v. Marianito,* 1 Nav. R. 385, 394 (Nav. Ct. App. 1975), *Raymond v. NAPI, et al.,* 7 Nav 142, 145 (Nav. Sup. Ct. 1995). The Committee's decision on restitution is affirmed.

The third issue is whether Barton's due process rights were violated because the Committee allowed portions of the testimony to proceed in the Navajo language without immediate translation into English, contrary to Rule 12(H) of the Administrative Hearing Rules (revised 09/07/01).[6] The Committee argues that the only translation required is for the record, not necessarily at the hearing; however, no translation was made for the record. Hearing transcripts were transcribed from audiotapes by a private non-Navajo speaking individual who did not attend the hearing and had no access to an English translation of the Navajo portion of the hearing. Although Rule 12(H) was not complied with here, Barton did not show how the briefly spoken Navajo portion violated her due process rights.

Where Navajo is spoken, it is up to the non-Navajo speaking party and counsel who would benefit from the translation to make arrangements beforehand. Barton speaks and understands both the Navajo and English languages; she was asked to translate for her non-English speaking attorney and could have submitted a translation to show prejudice or unfairness. The presiding Chairperson required the witness to testify in English although the witness preferred to speak Navajo, resorted to Navajo in some short instances, and was subject to cross-examination by Barton. In the hearing, Barton was

---

2 Appellant was paid by the Dilkon Community School Board for services she rendered as an elected official.

3 Rule 12(K) states "All documentary evidence submitted by the parties pursuant to Rule 10 shall be deemed to be part of the record without further formal submission."

4 Rule 12(M) states, "After completion of closing arguments the Committee shall deliberate in executive session."

5 The court has addressed issues not raised where considerations of policy and justice strongly favor this Court to raise the issue on its own. *Brown v. Todacheeney,* 7 Nav. R. 37, 42 (Nav. Sup. Ct. 1992). We are not moved to do so here.

6 For record purposes, any testimony provided in Navajo shall be immediately translated into English at the direction of the presiding Chairperson.

made aware of available court translators. We find that the Committee did not violate its own rule and do not see any violation of Barton's due process or equal protection rights from the failure to translate brief portions of the proceeding.

The fourth issue implicates the Committee's hearing and decision-making process. Barton alleges that the Committee's rules and proceeding tainted the fairness of the hearing and violated her due process and equal protection rights. Whether a party received a fair hearing before an agency is a question of law since the right to a fair hearing is an element of due process. *PC&M Construction Co., Inc. v. Navajo Nation*, 7 Nav. R. 58 (Nav. Sup. Ct. 1993). We have reviewed the procedures and find that Barton does not identify specific instances to support her allegations that her due process or equal protection rights were violated at the hearing.

The decision of the Navajo Nation Ethics and Rules Committee is hereby AFFIRMED.