OPINION DENYING RECONSIDERATION

This Court rendered a decision on February 02, 2010 affirming NNLC’s dismissal of Appellant’s complaint. Appellant, through his newly retained counsel, has filed a Notice of Substitution of Counsel and a Petition for Reconsideration requesting of this Court to reconsider its decision and to either reverse or remand the matter. A response to the petition has also been filed by the Appellee.
This Court has considered the arguments raised by the parties. Appellant points out that the employer’s personnel policy concerning attendance is based on a point system whereby an accumulation of 7 or more points in one calendar year would subject an employee to termination from the job. Appellants argues that this Court and the NNLC were not informed and they did not note that Appellant could not have received 7 accumulated points within the same calendar year. In other words, the Appellee came up with 7 points only by accumulating points from two calendar years. On the other hand, Appellee argues that Appellant’s argument is a new issue not previously raised in the lower tribunal and argues against consideration *384 by the appellate court in the reconsideration phase.
Rule 19(b) of the Navajo Rules of Civil Appellate Procedures sets forth the requirement that reconsideration be for “specific points or matter of law in which it is claimed the Supreme Court erred.” It is also a general rale that no new issues should be considered if it was not brought up in the lower tribunal. Salt v. Martinez, 8 Am. Tribal Law 135 (Nav.Sup.Ct.2009) (Appellant’s attempt to introduce new issues in a petition for reconsideration would contravene the spirit of the general principle that issues not raised at the trial level cannot be brought up at the Appellate level); Navajo Election Administration v. Shirley, No. SC-CV-28-09 (Nav.Sup.Ct. July 30, 2009); Green Tree Servicing v. Duncan, 7 Am. Tribal Law 633 (Nav.Sup.Ct.2008); Sells v. Rough Rock Community School, 8 Nav. R. 643, 6 Am. Tribal Law 648 (Nav.Sup.Ct.2005); Barton v. Navajo Nation Ethics and Rules Office, 8 Nav. R. 353, 4 Am. Tribal Law 676 (Nav.Sup.Ct.2003); In re Validation of Marriage of Whitehorse, 8 Nav. R. 292, 4 Am. Tribal Law 636 (Nav.Sup.Ct.2003); PC & M Construction Co. v. Navajo Nation and Navajo Department of Financial Services, 7 Nav. R. 72 (Nav.Sup.Ct.1993); Lee v. Tallman, 7 Nav. R. 191 (Nav.Sup.Ct.1996); Higdon v. Nelson, 7 Nav. R. 158 (Nav.Sup.Ct.1995); Davis v. Davis, 5 Nav. R. 169 (Nav.Sup.Ct.1987); Mann v. Navajo Nation, 3 Nav. R. 116 (Nav.Ct.App.1982); Brown v. Jones, 3 Nav. R. 47 (Nav.Ct.App.1981); Yabeny v. Tome, 1 Nav. R. 257 (Nav.Ct.App.1978).
Essentially what the Appellant is requesting of this Court is to become the finder of fact as to when 7 points were accumulated and then reverse itself. In the alternative, Appellant asks for a remand so that the matter can be re-litigated. Appellant had the opportunity to fully present all the legal theories and arguments to the facts of the case for consideration by the NNLC. The Appellant knew or should have known of the facts at the trial level and for whatever reason did not properly or clearly bring up such issues to the attention of the lower tribunal. To propound new legal arguments at the appellate level and especially at the reconsideration phase of an appellate review undermines the need for finality in litigation. Furthermore, to remand this matter on such new arguments (or new theories) would undermine the integrity of the appellate system; this court will not allow a second chance by allowing alternative theories which should have been timely advanced if the case was thoroughly presented in the first place. The consequences of inadequate or insufficient presentation of issues is a matter between lawyer and client.
This Court hereby denies the Petition for Reconsideration. The matter is hereby CLOSED.