OPINION

This case concerns a pending motion before the Court for an enlargement of time to file the transcript after the appellant sought and was denied an extension in the district court. The Court denies appellant’s motion and clarifies that part of Rule 9(a)(2) concerning the denial of extensions to file the record on appeal.
I
Appellant Navajo Housing Authority (NHA) appealed a final judgment of the district court. Rule 9(a)(2) of the Navajo Rules of Civil Appellate Procedure requires the clerk of the district court to transmit the record on appeal within 30 days of the date of filing the Notice of Appeal. N.R.C.A.P. Rule 9(a)(1) describes the record as “the original papers, exhibits and other objects filed with the clerk of the district court ..., a reporter’s transcript, transcription of an electronic recording or narrative or agreed statement, and copies of all entries.”[2] N.R.C.A.P. Rule 9(b)(4) specifically requires the appellant to “file an original and one copy of the trial transcript with the clerk of the district court or administrative agency, within the period of time for transmitting the record ...” Additionally, pursuant to N.R.C.A.P. Rule 10(c), “if the Appellant fails to timely transmit the record ... the Supreme Court shall summarily dismiss the appeal on its own motion.” These rules, read together, place responsibility on the district court clerk for transmittal of the lower court case file, while the party filing an appeal is responsible for ordering and filing a written transcript from the electronic recording of the proceedings, or filing a narrative or an agreed statement if the transcript cannot be made available. In this case, the lower court case file, containing the docket sheet and all documents filed in the case, was immediately transmitted from the district court to the Supreme Court. NHA did not file a transcript of the proceedings. Instead, NHA filed a motion for an extension to file the transcript in the district eourt, pursuant to Rule 9(a)(2), a day before it was due.
In its motion for an extension to the district court, NHA stated that the transcription of two separate hearings justified an extension, but offered no further explanation. NHA offered no facts as to if and *279 when it had ordered the audio recording of the proceeding, if and when it had obtained the audio recording for transcription, if and when transcription services began, and specifically, why transcription of two separate hearings required additional time. The day after NHA filed their motion and on the day the transcript was due, the district court denied the motion for lack of good cause, making specific findings that NHA failed to demonstrate due diligence in transcribing the audio recording of the proceedings. The next day, NHA filed a motion to this Court asking for an extension of 15 additional days to file the transcript. Appellee John Denni-son did not file a response to the motion. While the motion was pending, NHA filed a transcript within the 15 day extension period being sought. We now issue a decision solely on the basis of Appellant’s motion.[3]
II
We have previously established that the burden is upon the appellant to ensure transmittal of the complete record, or to seek an enlargement of time to ensure transmittal if the complete record cannot be filed within 30 days. Legislative Branch/Community Services Program v. Hatathlie, 7 Nav. R. 259, 260, 1 Am. Tribal Law 436 (Nav.Sup.Ct.1997). As we stated in Legislative Branch, while N.R.C.A.P. Rule 9(a)(2) describes the duty of the district court clerk regarding the record transmittal that is within the court’s control, N.R.C.A.P. Rule 10(c) makes clear the appellant’s duty to see that the complete record is transmitted. We have addressed this burden previously, and the diligence required of an appellant to meet record-filing deadlines is settled law. See id.
We are now asked to address a situation where a district court, in denying a motion for more time, has made specific findings that the appellant failed to show diligence in preparing the transcript within the prescribed time limit. Making the observation that neither the rules nor precedent addresses what happens or should happen when the district court denies a motion for an extension to file the record on appeal, NHA asks this Court for an extension of 15 additional days to file the transcript as part of the record on appeal on the ground that the district court abused its discretion in denying its request.
It has been 25 years since our rules of civil appellate procedure became effective and this is, in fact, the first time an appellant has asked this Court to grant an extension after the district court has denied a timely request pursuant to Rule 9(a)(2). Therefore, this is a matter of first impression. As we address the present request, we clarify the rules concerning the denial of extension to file the record on appeal with regard to the transcript. We make short work of the matter as follows.
It being settled law that the appellant must be diligent and timely with respect to ensuring transmittal of the complete record, we find that upon being presented with a motion for enlargement of time to file the transcript, the district court’s discretion plainly includes making an inquiry and issuing findings as to whether the appellant’s diligence in completing the record justifies such an extension. In its determination in this case, the district court cited portions of N.C.R.A.P. Rule 9(a)(2)[4] and concluded from the provision’s *280 language that a court may exercise discretion in granting or denying requests pursuant to that rule.
We agree that the district court may exercise discretion pursuant to the rule, and that this discretion includes the authority to deny such motions upon a finding that diligence was lacking. In Legislative Branch, supra at 260,1 Am. Tribal Law 436, we stated that “[t]oo often, parties file appeals and seem to forget about the case until the opposing party complains of delay.” Id. We condemned such practice, and stressed the appellant’s duty of diligence at that time. See id. Therefore, we need not clarify that duty further here.
The duty to grant or deny a motion for an enlargement of time to file the record on appeal is expressly bestowed upon the lower tribunal per N.R.C.A.P. Rule 9(a)(2). See Thompson v. Yazzie, 6 Am. Tribal Law 764, 765-66 (Nav.Sup.Ct.2006). Because the record and any audio recordings of the proceedings are in the lower court’s possession, the lower tribunal is in the best position to examine the circumstances of a particular case, including appellant’s progress in completing the record, in order to determine if due diligence has been exercised by the appellant, or if there are any extenuating circumstances, such as whether the transcript is particularly onerous to prepare, that would constitute good cause to justify an extension to file the record on appeal.
In the case before us, the district court rejected NHA’s assertion that simply having two hearings to transcribe justified additional time beyond the 30 day filing period. The district court noted that having to file two transcripts is hardly unique and that there was much less to transcribe in this case than in many cases. NHA failed to bring to the attention of that court any difficulties, obstacles, and delays in finding a transcriber in order to justify an extension.
Our rules of civil appellate procedure provide that application to the Supreme Court for an enlargement of time for transcript filing may be made under one circumstance. Rule 9(a)(2) states “If a transcript cannot be obtained within 45 days from the date of the first Notice of Appeal, application by the appealing party shall be made to the Supreme Court for relief.” We read this rule as transferring from the district court to the Supreme Court jurisdiction over motions for enlargement of time beyond 45 days assuming an order of extension was previously issued. Prior to that time, responsibility and authority remains with the district court. As a result, this Court will not substitute a due diligence determination by a district court with its own determination and will not intrude upon the sound discretion of a district court in rendering well-supported decisions pursuant to Rule 9(a)(2).
In Legislative Branch, supra, we stated that when the N.R.C.A.P. Rule 9(a)(2) time limit passes without a transcript having been filed and without an extension request made to the district court, N.R.C.A.P. Rule 5(b) is available to the appellant to ask this Court, upon a showing of good cause, to shorten or extend the time for filing the record. This same option is available to an appellant under the circumstances of this case. However, “good cause” does not mean addressing a matter that has previously been, or should have been, brought to the attention of the lower court, and we caution the appellants that we will by no means entertain the use of Rule 5(b) to skirt the Rule 9(a)(2) authority of the district court.
In the interest of justice, we will sua sponte consider NHA’s motion for an extension under Rule 5(b), even though *281 NHA has not asked for consideration under this option. In its motion before this Court, NHA brought up a justification that it failed to raise before the lower tribunal, namely, that it had trouble finding a bilingual transcriber for the Navajo portions of the transcript. However, this explanation was readily available and should properly have been presented to the district court. The need for finality in litigation is well-established in our laws, and for this reason there shall not be piecemeal litigation. See Yazzie v. Took Dineh Industries, 8 Am. Tribal Law 383, 384 (Nav.Sup.Ct.2010) (numerous cites omitted). This Court has previously not allowed a second chance where the appellant knew of the facts and for whatever reason did not properly or clearly bring up such issues to the attention of the lower tribunal. Id. In this case, Appellant’s explanation should have been thoroughly presented in the first place before the district court, and therefore does not constitute good cause for purposes of Rule 5(b).
Ill
For the above reasons, NHA’s Motion for Extension of Time to File Transcripts is DENIED. Because the transcript was not filed within 30 days of the Notice of Appeal and no extension of time to file the transcript was approved by the lower court, we are mandated by Rule 10(c) to dismiss the appeal. The transcript is STRICKEN from the record. The appeal is hereby DISMISSED.

. Professional court reporter transcription services are not available in the district courts. The district courts electronically record their proceedings and provide a copy of the recording to parties upon request.

. A motion for procedural order may be acted on at any time. See N.R.C.A.P. Rule 6(b).

. Rule 9(a)(2) states: "If an enlargement of time is desired, the appellant may obtain an order from the district court extending the time for transmitting the record to not more than 45 days from the date of filing the appeal.” (Emphasis added).