*Esther BEDONI*
Petitioner
*vs.*
*NAVAJO NATION OFFICE OF HEARING AND APPEALS*
*and Calvin Biakeddy*
Respondents
In the Supreme Court of the Navajo Nation

No. SC-CV-13-02

September 4, 2003

Judy R. Apachee, Esq., Flagstaff, Arizona, for Petitioner.

Loretta E. Nez, Esq., Tuba City, Navajo Nation (Arizona), for Respondent Calvin Biakeddy.

Richie Nez, Esq., for Respondent Navajo Nation Office of Hearings and Appeals.

Beverly Ohline, Esq., Window Rock, Navajo Nation (Arizona), for the Navajo Nation Department of Justice.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by YAZZIE, Chief Justice.

Petitioner Esther Bedoni filed a Petition for Writ of Prohibition against the Navajo Nation Office of Hearings and Appeals ("OHA"). We granted an Alternative Writ of Prohibition on April 1, 2002, allowing Respondents Calvin Biakeddy, the Navajo Nation, and OHA ten days to file responses.

We must decide whether OHA acted beyond its jurisdiction in modifying court-ordered child support. The issue is whether such authority is granted

under the Navajo Nation Child Support Enforcement Act adopted by the Navajo Nation Council on December 14, 1994, by Resolution CD-111-94. The authority of any court to act is derived from the government which created it. *Bedonie v. Donaldson*, 1 Nav. R. 73 (Nav. Ct. App. 1973). If the authority to act is not granted by the Act, OHA is without jurisdiction.

The Act provides the standards and procedures for modification of child support by OHA, but refers only to modifying its own administrative orders. *Navajo Nation Child Support Enforcement Act*, Section 8(F). In describing the rights that custodial parents may assign to the government in order to receive AFDC benefits, the Act mentions modification of child support, but qualifies that such procedure is conducted pursuant to the Act or other applicable law. Section 4(A)(III). Section 4(A)(III) does not provide OHA with authority to modify child support beyond that in Section 8(F). The Act does not grant OHA authority to review or modify court-ordered child support.

Allowing OHA to modify court-ordered child support defeats public policy. An orderly control of modification and appeal processes is necessary to avoid confusion and shopping for the most sympathetic judge or hearing officer. Respondents are correct in pointing to the rule of liberal interpretation, but the purpose of the Act is to assist children and their custodial parents in enforcing child support orders. Therefore, we will interpret the Act liberally with that purpose in mind. The Act was intended to further the process of enforcing valid child support orders, not to provide absent parents with additional and conflicting forums for protection from their duties. Respondents ask for an interpretation directly against the stated purpose of fair, efficient enforcement.

Even if the OHA had the authority to change a court-ordered child support payment, it may not retroactively change a child support order. The Act grants OHA authority to change its administrative orders prospectively. Section 8(F). It is notably silent on retroactive changes, thereby excluding them from OHA's powers. OHA should not have more power to change court orders than it has to change its own administrative orders. Furthermore, this Court has announced a policy against such retroactive changes, even by trial courts. *Burbank v. Clarke*, 7 Nav. R. 369, 373 (Nav. Sup. Ct. 1999). The *Burbank* opinion notes that child support payments vest in the recipients as they come due. *Id.* at 373. Changes to past due payments may be a taking of the recipient's property. The power to make retroactive changes is not necessary or even desirable for smooth enforcement. The Navajo Nation Council has thoughtfully given OHA its limited administrative powers in the child support enforcement arena, presumably for purposes of efficiency and expediency.

Respondent Biakeddy may have a case for changing his order. We merely direct him to the proper forum. Trial courts maintain jurisdiction to modify child support. *Joe v. Joe*, 1 Nav. R. 320 (Nav. Ct. App. 1978).

Respondent Biakeddy argues that the Petitioner must exhaust her remedies

with OHA and her claims should be handled in an appeal to this Court instead of seeking a Writ of Prohibition. Petitioner seeks a writ to prevent OHA from acting outside its jurisdiction. "A writ of prohibition is used essentially to test the jurisdiction of a court." *MacDonald v. Yazzie*, 6 Nav. R. 94 (Nav. Sup. Ct. 1989) citing *Yellowhorse v. Window Rock Dist. Ct.*, 5 Nav. R. 85 (Nav. Sup. Ct. 1986). Petitioner's petition for a writ on the matter at hand is appropriate. We therefore hold that OHA is without authority to modify existing court-ordered child support.

This Court GRANTS the Writ of Prohibition.