OPINION

The Budget and Finance Committee of the Navajo Nation Council petitions this Court for a writ of prohibition against the Office of Hearings and Appeals (OHA) m an audit sanctions case. The Court denies its request.
*719 I
The relevant facts are taken from the Petition and accompanying exhibits. Real Parties in Interest Johnny Livingston, the Churehrock Chapter President, and Edward Carlisle, the Churehrock Chapter Community Services Coordinator, filed a challenge before OHA to a withholding approved by the Budget and Finance Committee (Committee) of a portion of funds due to the Chapter and its President. The withholding was a sanction imposed on the Chapter pursuant to 12 N.N.C. § 9(C) (2005), for failure to fully implement a corrective action plan arising from an audit conducted by the Office of the Auditor General. Section 9 of Title 12 of the Navajo Nation Code authorizes sanctions against the Chapter and Chapter officials in the form of a prospective withholding of payments until the plan is implemented. That section also allows for the sanctioned Chapter official to seek review of the withholding by OHA. 12 N.N.C. § 9(C) (2005). However, OHA’s review is explicitly limited to
a determination of whether the ... eor-rective action plan bears a rational relationship to the audit report, was approved by the Budget and Finance Committee, whether the corrective action plan was implemented within established time tables and whether the time tables for implementation were reasonable.
12 N.N.C. § 9(D) (2005). In addition to limiting the scope of OHA’s review, the same section explicitly mandates that OHA’s decision “shall be final and no ap~ peal shall lie to the courts of the Navajo Nation.”[2] Id,
The Committee filed this action after unsuccessfully seeking to limit- OHA’s review'. The Committee filed a motion in limine,[3] which OHA denied. OHA then scheduled a “full-fledged hearing” for January 17, 2006, and indicated in its Notice of Hearing that it would consider two issues:
1. Whether it is proper to withhold salaries or other payments to Chapter officials who w'ere not in office at the time the corrective actions were recommended, and
2. Whether the language of 7 N.N.C. § 9(D) restricts the OHA to a review of the record.
Based on this announcement of OHA’s intended scope of review, the Committee sought a writ of prohibition from this Court to bar OHA from going beyond the allegedly limited review authorized by Section 9(D).
II
The issue in this case is whether the Supreme Court has the authority to issue a writ of prohibition against the Office of Hearings and Appeals when the Council has prohibited appellate review of OHA’s decision.
HI
The Committee argues that this Court has original jurisdiction to (a) prohibit OHA from conducting an evidentiary hearing in a complaint filed by a Chapter offi *720 cial whose salaries or other payments have been withheld, and (b) prohibit OHA from making any determination concerning the withholding of payments to the Chapter itself. The Committee alleges that the language of 12 N.N.C. § 9(D) specifically prohibits OHA from undertaking the review announced in its Notice of Hearing, and therefore this Court should exercise its discretionary authority to issue a writ of prohibition to prevent OHA from exceeding its jurisdiction. In effect, the Committee alleges that OHA’s jurisdiction under 7 N.N.C. § 9(D) is so restricted that OHA cannot conduct an evidentiary hearing, but may only review the Committee’s decision based on the record, and that its review is restricted to the withholding of payments to Chapter officials, and therefore cannot include the withholding of payments to the Chapter itself.
Before the Court may consider the merits of the Committee’s petition, the Court must be sure that it has jurisdiction. See Dale Nicholson Trust v. Chavez, 5 Am. Tribal Law 365, 369-70, 2004 WL 5658105, **2-3 (Nav.Sup.Ct.2004) (courts may question their own jurisdiction). The question must be considered in the context of the statute at issue, which, in this case, explicitly prohibits appeals to this Court. See 12 N.N.C. § 9(D) (2005). It is ironic (and illogical) that a committee of the very legislature that prohibited appeals to the courts is now asking this Court to intervene. However, it is that very prohibition on appeals that causes the Court to find that it is -without jurisdiction.
The Committee alleges that 7 N.N.C. § 302 authorizes “original jurisdiction” to this Court to issue a writ. That section states that the Court has jurisdiction “over original extraordinary writs ” Id. There is no magic in the phrase “original jurisdiction”; it simply means that, where the Supreme Court has jurisdiction, matters need not be decided at the trial level prior to being considered by this Court. To put it in other words, “original jurisdiction” means that, when the Court has jurisdiction, it can render a decision on a matter without prior review by a district or family court or administrative tribunal. “Original jurisdiction” does not give thri Court authority over matters which the Navajo Nation Council has explicitly deemed are outside its jurisdiction.[4]. The question remains whether there is jurisdiction to issue the writ in this case.
Though the Committee cites Sec - tion 302 as defining the jurisdiction of the Court in this case, Section 303 is the proper section to consider. Section 303 defines the Court’s writ authority. See Chusku Energy Co. v. Navajo Tax Comm’n, 5 Nav. R. 98, 99 (Nav.Sup.Ct.1986). The-'writ power is divided into three categories: 1) when “necessary and proper to the complete exercise” of the Supreme Court’s jurisdiction, 2) to prevent or remedy any act of any court which is beyond such court’s jurisdiction, and 3) to cause a court to act where such court unlawfully fails or refuses to act within its jurisdiction. 7 N.N.C. § 303 (2005). Though category 2 refers to writs of prohibition, the plain language restricts such writs to a “court." The term “court” means the district anil family courts established by Title 7, and does not include administrative tribunals Bennett v. Navajo Bd. of Election Supervisors, 6 Nav. R. 200, 202 (Nav.Sup.Ct.1990) *721 Therefore, the only possible, source of the Court’s authority is category 1, referred to in previous opinions as the “necessary and proper” clause. See id.; Chuska, 5 Nav. R. at. 102. This provision applies, however, only when a writ is necessary to preserve and protect the Court’s appellate jurisdiction. In re Navajo Bd. of Election Supervisors, 6 Nav. R. at 302, 303 (Nav.Sup.Ct. 1090); Bennett, 6 Nav. R. at 203; Chuska, 5 Nav. R. at 102. As the Council has explicitly prohibited appellate review of the sanctions assessed in this case, there is no appellate jurisdiction to preserve or protect. The Court therefore lacks jurisdiction to issue a writ of prohibition in this case.
The Committee cites Bedoni v. Navajo Nation Office of Hearings and Appeals, 4 Am. Tribal Law 672, 2003 WL 25794141 (Nav.Sup.Ct.2003), as precedent for this Court to issue a writ of prohibition against OHA.[5] Bedoni is distinguishable from the present petition. Bedoni concerned the jurisdiction of the OHA to modify child support ordered by a court. No. SC-CV-13-02, slip op. at 1. Unlike the audit sanction provision, the Court has explicit appellate authority to review the decisions of OHA under the Navajo Nation Child Support Enforcement Act. 9 N.N.C. § 1709 @005). The Court therefore could and did exercise its original jurisdiction to issue a writ against OHA, pursuant to the “necessary and proper” clause in Section 303, to preserve and protect its appellate jurisdiction. In the instant case, Navajo courts do not have appellate jurisdiction over OHA’s decision. Therefore, this Court also has no jurisdiction to issue a writ.
Though based on this decision, the Committee lacks a remedy from OHA’s allegedly overly broad review in this case, it is the direct result of the Council’s denial of appeals. Without the ability of this Court to bring the parties back into harmony, the Committee and OHA must work out their dispute, or the Council should review the statute and reconsider its prohibition on appeals.
IV
Based on the above, the Court DENIES the petition for issuance of a Writ of Prohibition against OHA.

, Whether it is wise to limit review of the sanction of withholding salaries or other pay-⅛ ments or to prohibit review by the courts of OHA decisions on withholding sanctions is mu within the scope of this Court's review and it makes no judgment.

. Neither the motion in limine nor OHA's order denying the motion is in the record before the Court. The Court assumes the motion was the Committee's effort to strictly limit the evidence to comport with the limited jurisdiction the Committee believes OHA was granted by 7 N.N.C. § 9(D).

. To illustrate the Council’s authority to define the jurisdiction of the courts and the application of the legal principles discussed herein, the Court notes that at one time in the history of Navajo government, only the trial courts had original jurisdiction to issue writs of mandamus, not the Court of Appeals (the highest court: at that time). See In re Appointment of the Tuba City District Prosecutor, 1 Nav. R. 168, 175-177 (Nav.Ct.App. 1977).

. In its Petition the Committee also includes a ; long list of "string-cites" of cases concerning writs of prohibition in a footnote, presumably to bolster its position that a writ is appropriate in this case. Those cases all concern ¡ either courts, which the Court has jurisdiction to issue the writ under the plain language of 7 N.N.C. § 303(B), or the Navajo Nation Labor Commission, which the Court has appellate jurisdiction over, 15 N.N.C. § 613(A), and therefore may issue such writ as “necessary and proper” to preserve and protect its appellate jurisdiction, 7 N.N.C. § 9(C).