OPINION

This proceeding is initiated by the Petitioner, the central government, seeking a Writ of Mandamus against a local government official to mandate compliance with Title 26 of the Navajo Nation Code, the Local Governance Act and local ordinances requiring the official to sign chapter checks so that expenses incurred by Naha-ta'Dziil Chapter can be paid. This Court summarily denies the petition.
The Court summarily dismisses the petition pursuant to Rule 26(c) of the NRCAP. Though this is a summary dismissal, the Court deems it should be done pursuant to an opinion because of the questions of law raised. The Petitioner asserts that this court has original jurisdiction pursuant to 7 N.N.C. § 303 (2010) (emphasis added).
Both the District Courts and the Supreme Court have jurisdiction to issue extraordinary writs. The District Court’s authority to issue writs is at 7 N.N.C. § 255 and Supreme Court’s authority is at 7 N.N.C. § 303. The word, original, does not appear in § 303. The word appears in 7 N.N.C. § 302, to wit:
The Supreme Court shall have jurisdiction to hear appeals from final judgments and other final orders of the District Courts of the Navajo Nation and such other final administrative orders as provided by law. The Supreme Court shall also have jurisdiction over original extraordinary writs. The Supreme Court shall be the Court of last resort.
As the Court clarified in Budget and Finance Committee of the Navajo Nation Council v. Navajo Nation Office of Hearings and Appeals, 6 Am. Tribal Law 717 (Nav.Sup.Ct.2006), “there is no magic in the phrase ‘original jurisdiction’...” Original jurisdiction does not mean that this Court will accept jurisdiction of a request for an extraordinary writ where the petitioner has not petitioned the district court for a writ. This Court will comply with its grant of “jurisdiction to hear appeals from final judgments and other final orders of the district courts of the Navajo Nation and such other administrative orders as provided by law.” 7 N.N.C. § 302. Both the District Courts and the Supreme Court have jurisdiction to issue extraordinary writs, see 7 N.N.C. §§ 255 and 303, respectively. In this context, the Supreme Court does not have jurisdiction to issue a writ where the Petitioner has not approached the lower court for a writ. The petition is therefore dismissed.