OPINION

This matter comes before the Court on an Application for Writs of Prohibition and. Mandamus or, In the Alternative, for Writs of Prohibition and Superintending Control (Expedited Ruling Requested) and Respondents’ reply via a Motion to Quasi) Application for Writs of Prohibition and Mandamus and/or Writs of Prohibition and Superintending Control. The Court acts sua sponte and will not wait on a *347 response from the Petitioners because of the short time frame remaining before the November 2, 2010 election.
Petitioners, the Office of the President and Vice-President, pray that the Court issue necessary writs “to prevent the imminent and substantial harm caused by Respondents’ placement of an invalid referendum measure, Resolution No. CJA-32-10 on the November 2, 2010 general election ballot, which proposes substantial amendments to Titles 2, 7, and 11 of the Navajo Nation Code.” The writs sought are to be directed to the Navajo Board of Election Supervisors and Navajo Election Administration (Respondents). A separate action seeking substantially similar relief is pending in the Window Rock District Court, docket no. WR-CV304-2010. For reasons set forth below, this Court summarily denies the application.
This decision is issued as an opinion because of the legal question raised regarding this Court’s jurisdiction over original writs to be directed at election officials while a separate action seeking substantially similar relief is pending in a lower court.
Pursuant to 7 N.N.C. § 302, this Court has original jurisdiction over extraordinary writs. Pursuant to 7 N.N.C. § 303(A), we have the authority to issue any writs or orders necessary and proper to the complete exercise of our jurisdiction.
We have said that our original writ jurisdiction under the “necessary and proper” clause in 7 N.N.C. § 303 means that, when the Court has jurisdiction, matters need not be decided at the trial level prior to being considered by this Court. Budget and Finance Committee of Navajo Nation Council v. Navajo Nation Office of Hearings and Appeals and concerning Johnny Livingston and Edward Carlisle, Real Parties in Interest, No. SC-CV-63-05, 6 Am. Tribal Law 717, 720 (Nav.Sup.Ct. 2006). However, “original jurisdiction” does not mean this Court may issue writs in all cases. We have held that this Court lacks jurisdiction over an audit sanction imposed by the Office of Hearings and Appeals (OHA) and approved by the Budget and Finance Committee in which a portion of funds due to a chapter and its President were withheld, because the Council had provided that the GHA’s decision “shall be final and no appeal shall lie to the courts of the Navajo Nation.” Budget and Finance, supra at 719. We have limited application of the “necessary and proper” clause to matters necessary to preserve and protect this Court’s appellate jurisdiction. Id., citing In re Navajo Bd. of Election Supervisors, 6 Nav. R. 302, 303 (Nav.Sup.Ct.1990); Bennett v. Navajo Bd. of Election Supervisors, 6 Nav. R. 200, 203 (Nav.Sup.Ct.1990); and Chuska Energy Co. v. Navajo Tax Comm’n, 5 Nav. R. 98, 99 (Nav.Sup.Ct.1986). Recently, we denied an application for writ filed by the central government against a local chapter official because an injunction or writ had not previously been filed to a lower court. The Navajo Nation Department of Justice, on behalf of the Commission of the Nahata ’Dziil Chapter v. Arnold Begay, No. SC-CV-63-05, 9 Am. Tribal Law 174, 175 (Nav. Sup.Ct.2010). We have, on our own prerogative, limited the direction of our original writs under 7 N.N.C. § 303(B) and (C) to trial courts, and under 7 N.N.C. § 303(A) to tribunals that may be properly identified as “courts for purposes of section 303.” Bennett, supra at 203. The Navajo Nation Labor Commission and OHA are such “courts” for purposes of 7 N.N.C. § 303. See, e.g., Perry v. Navajo Nation Labor Commission, No. SC-CV-50-05, 6 Am. Tribal Law 780 (Nav.Sup.Ct. 2006) (granting writ of superintending control); Cabinets Southwest, Inc. v. Navajo Nation Labor Commission, 8 Nav. R. 435, *348 5 Am. Tribal Law 378 (Nav.Sup.Ct.2004) (denying writ of prohibition applied for on grounds of res judicata,); Bedoni v. Navajo Nation Office of Hearings and Appeals, 8 Nav. R. 349, 4 Am. Tribal Law 672 (Nav.Sup.Ct.2003) (granting writ of prohibition). Otherwise, it is well-settled that we have general appellate review authority over all decisions of the lower courts.
Our courts are not foreclosed from the use of writs or injunctions to compel officers charged with the conduct of elections to perform specific ministerial duties imposed on them by law, as is requested in this case. However, we have previously limited our original authority over such officials to circumstances where they are subject to our supervision through their judicial or quasi-judicial actions. Pursuant to Navajo Nation Dept. of Justice v. Arnold Begay, supra, this Court will no exercise its original writ authority directly over election officials in their ministerial capacity unless an action has been filed in a lower court, and such action has been disposed of through a final order. To do otherwise would constitute an undue expansion of our supervisory jurisdiction that would not only virtually destroy the independence and judicial discretion of our lower courts, but would also overwhelm this court with original actions filed in it to obtain an advance determination as to how the trial court should proceed.
In a separate Writ of Mandamus and Superintending Control issued this same day in No. SC-CV-61-10, this Court will address the proceeding before Judge Sloan in the Window Rock district Court.
The application is, therefore, DISMISSED. Petitioners’ Motion, for Pro Ha,c Vice to this Court is therefore moot.