OPINION

YAZZIE and SHIRLEY
filed the opinion of the Court.
This is the second time this matter comes before the Court. Tsosie and Whi-tethome initially appealed the Office of Hearing and Appeals’ (OHA) decisions which were consolidated by this Court and this Court reversed and remanded the matter for adjudication. This time, the matter is before the Court on a petition for a writ of mandamus to enforce the final judgment of the OHA.
I
The facts of the consolidated appeal concerning SC-CV-57-14 and SC-CV-58-14 are in the October 8, 2016 Opinion concerning this Court’s remand order from the September 26, 2014 hearing. We need not reiterate the entirety of the facts of that appeal in this original action. The additional relevant facts of this writ action are as follows.
On September 26, 2014, this Court held oral argument in Tuba City and issued an Order of Remand directing the OHA to reinstate Petitioners’ erroneously dismissed grievances and conduct a hearing to determine whether or not to disqualify Desehene as a presidential candidate by applying the fluency standard adopted by the Court. Subsequently, an Opinion was issued on October 8, 2014 detailing the reasons for this Court’s decision and requiring Desehene to cooperate with the OHA as it carries out its duties. Desehene did not file a petition for reconsideration of our September 26th order or our October 8,2014 opinion.
On remand, the OHA rendered a decision on October 9, 2014 disqualifying Des-ehene as a candidate by default due to his non-participation in those proceedings. In disqualifying Desehene, the OHA stated it expects the Navajo Election Administration (NEA) to follow 11 N.N.C. § 44 by “automatically” placing the name of the candidate who received the next highest votes in the primary election on the official ballot for the general election. No motion for stay of execution or reconsideration was ever filed by Desehene in the OHA. On October 13, 2014 the Navajo Board of Election Supervisors (Board) convened for a Board Meeting and voted to not remove Deschene’s name from the general election ballot and not postpone the November 4, 2014 election.[1] Petitioners then filed this petition for writ of mandamus against the Board and the NEA seeking to enforce the OHA’s final judgment.
Recognizing that Petitioners’ sought a writ against non-tribunals, this Court set the matter for a hearing on October 20, 2014 and ordered responses to the petition bifurcating jurisdiction from the merits of *66 the petition. This Court, sua sponte, may-question its own jurisdiction. The OHA was invited to also file a response through counsel. No counsel appeared for the OHA. The Navajo Department of Justice (DOJ) and a group of private citizens motioned to file an amicus curiae brief. Only the brief from DOJ was denied.
On October 20, 2014, after hearing arguments on jurisdiction, the Court by majority decision found jurisdiction and proceeded to the merits of the petition. That same day, Deschene appealed the OHA’s decision at the eleventh hour (4:35 pm), On October 21, 2014, the appeal was dismissed for lack of jurisdiction when Deschene failed to attach a certified copy of the final judgment to his notice of appeal as required by our appellate rules. Rule 7(a) and 7(b) are long established jurisdictional requirements requiring the contemporaneous filing of the notice of appeal, certified copy of the final judgment and filing fee. Order of Dismissal, No. SC-CV-69-14 (Nav. Sup. Ct. October 21, 2014). The Final Order Disqualifying Respondent [Deschene] entered by the OHA on October 9, 2014 is deemed final with the dismissal of the appeal.
As of the date of our hearing on October 20, 2014, the ballot had not been changed. As of the date of this decision, there are only 11 days remaining before the November 4, 2014 general election.
II
This Court has original jurisdiction over extraordinary writs. 7 N.N.C. § 302. Pursuant to 7 N.N.C. § 303(A), this Court has the power to issue any writs or orders necessary and proper to the complete exercise of our jurisdiction.
III
Petitioners seek a writ of mandamus against the Board and the NBA asserting that they have refused to carry out the OHA’s order of October 9, 2014 to implement the mandate of 11 N.N.C. § 44 by “automatically” placing the name of the candidate who received the next highest votes in the primary election on the official ballot for the general election. On the other hand, the Respondents, through the Chief Legislative Counsel, argues that a writ of mandamus may not issue against the Board pursuant to Bennett v. Navajo Board of Election Supervisors, 6 Nav. R. 201 (Nav. Sup. Ct. 1990) because the Board is not a court or a quasi-judicial body for purposes of 7 N.N.C. § 303. Furthermore, the Respondents argue that for due process reasons a writ may not issue because they did not participate in the underlying proceedings.
The Court rejects the Respondents’ arguments for the reasons that follow.
Although this Court has the authority to issue extraordinary writs under 7 N.N.C. § 303, the mere filing of a petition for an extraordinary writ does not mean this Court will issue writs in all cases. Office of the Navajo Nation President and Vice President v. Navajo Board of Election Supervisors and Navajo Election Administration (“OPVP v. NBOES ”), 9 Am. Tribal Law 346, 347 (Nav.Sup.Ct.2010). In the exercise of our discretion, we limited the use of original writs under 7 N.N.C. § 303(B) and (C) against trial courts, and under 7 N.N.C. § 303(A) against tribunals that may be identified as “courts for purposes of section 303.” Id. (citing Bennett, 6 Nav. R. 201). Since the transfer of hearing functions from the Board to the OHA in 2001, Res. CJA-05-01 (January 24, 2001), the OHA—not the Board—has jurisdiction over election disputes. We reiterate that the OHA is quasi-judicial body under our supervisory authority for purposes of 11 *67 N.N.C. § 303. See 11 N.N.C. §§ 24(G), 341(A)(4), 404(B)(13)(f), 404(B)(14)(b)(7), 408(F)(3). There is no dispute that the Board is no longer a hearing body with the authority to interpret the election laws, as conceded by its counsel. We hold that the Board and its administrative arm, the NEA, as officials charged with carrying out the purposes of the Election Code are subject to the decisions of the OHA for the obvious reason that election disputes have been transferred to the OHA.
In determining whether to issue a writ of mandamus, we first consider whether there is a plain, speedy, adequate remedy at law that would require further proceedings in the lower tribunal. Unfortunately, no enforcement provisions are specified in the Election Code to permit further proceedings in the OHA. In the OHA’s Plan of Operation enacted in 1993 and last revised in 1995, there is a provision that states:
In addition to other remedies provided by law or regulation, the Office or its hearing officers may seek enforcement of its rules, regulations, rulings, or orders by filing a petition for civil enforcement in the appropriate Court of the Navajo Nation, The Office or hearing officer may request declaratory relief, temporary or permanent injunctive relief, or other civil remedy, or combination of remedies, provided by the laws of the Navajo Nation.
2 N.N.C. § 1055(B) (emphasis added). The Respondents argue this provision requires the action herein to first be filed in the district court. We disagree. The plain language of the provision itself does not specify that a petition for civil enforcement must be filed in the district court rather than in this Court. It states the petition may be filed in the “appropriate Court of the Navajo Nation” which includes this Court, if this Court is the more appropriate court.
The OHA Plan of Operation in the reau-thorization of the OHA in 1995 by Resolution GSCAP-19-95 was permanently established to hear and render decisions arising from the Navajo Tax law, the Business and Procurement Act, the Business Preference Act, personnel grievances, the Child Support Enforcement Act, the Civil Trespass Statute and the Deed of Trust Act. Res. GSCAP-19-95, ¶ 6. At that time, the OHA had not assumed hearing functions as to disputes under the Election Code. The transfer of hearing functions of the Board to the OHA occurred in 2001 by Res. CJA-05-01 (January 24, 2001), wherein the OHA decisions are appealable directly to this Court. Elections disputes, unlike the other proceedings, are required under the law to be addressed expeditiously to ensure prompt resolution through the appeal and a timely election.
We have also said “Our courts are not foreclosed from the use of writs to compel officers charged with the conduct of elections to perform specific ministerial duties imposed on them by law.” OPVP v, NBOES, supra, 9 Am. Tribal Law at 348. The reference to “our courts” includes this Court. In the OPVP v. NBOES case, there was an adequate remedy at law in the lower court through a pending, substantially similar action in the district court, so we simply deferred to that action first filed in the district court. Unlike that case, in the instant case, there is no pending action in the district court. In our discretion, we hold there is no need for the filing and adjudication of another writ action in the lower court which would only delay the electoral process. This Court is the appropriate court under 2 N.N.C. § 1055(B) and it retains its jurisdiction over the matter having previously asserted *68 its jurisdiction over the consolidated appeal.
The Respondents also rest their positions on their interpretation of The Navajo Nation Department of Justice on behalf of the Commission of the Nahata ’Dziil Chapter v. Begay, 9 Am. Tribal Law 174 (Nav.Sup.Ct.2014) where the facts of that case differ greatly from the case at hand. In the Nahata Dziil case, the government sought a writ directly against a chapter president to require him to carry out his ministerial duties in signing checks to pay chapter expenses. Recognizing district courts also have the authority to issue writs under 7 N.N.C. § 255, we limited our writ authority to issue a writ where the Petitioner had not approached the lower court for a writ. Id. at 175. Under 2 N.N.C. § 1055(B), as mentioned above, the OHA in seeking enforcement of its orders must file a petition for civil enforcement in “the appropriate Court of the Navajo Nation.” For the reasons specified above, this court is the appropriate court to consider the petition for a writ of mandamus taking into account this Court had previously exercised its appellate authority in this dispute. For that reason, we will not require the Petitioners to file a writ in the district court to enforce the OHA order and, by extension, our order of September 26, 2014.
Compliance with the Navajo Sovereign Immunity Act (NSIA) is not an issue, as asserted by Deschene and implied by the Chief Legislative Counsel. The Council enacted the Election Code in 1966 permitting challenges, including challenges against the elected officials of the Navajo Board of Election Supervisors. In doing so, we hold that the Navajo Nation consented to lawsuits in the enactment of the Election Code and to lawsuits to compel performance of ministerial responsibilities required by law. See 1 N.N.C. § 554(G) (an exception of the NSIA). Furthermore, we have said in Shirley v. Morgan, 9 Am. Tribal Law 46, 54 (Nav.Sup.Ct.2010) that the NSIA was not contemplated to apply to internal governmental disputes, like in the case at hand, where the Board has openly defied a decision of the OHA prompting this writ action to be filed to enforce a ministerial act.
Furthermore, this case is one of first impression. The underlying grievances alleging that Deschene—not the Board or the NEA—had not complied with the Election Code were summarily dismissed by the OHA. No allegations were raised that the Board had not complied with the Election Code, thus, it was reasonable that the OHA had captioned the matter as being between the two parties. On appeal, this Court reviewed the grounds for dismissal under 11 N.N.C. § 24, Only after the matter was remanded and a final judgment was entered did the Board openly refuse to comply with the Election Code; an unforeseeable event. Nevertheless, the NEA through the Office of the Legislative Counsel, was permitted to intervene in that appeal and participate at oral argument in Tuba City. It is nonsensical for the Board to now assert this Court lacks authority because it did not participate prior to this action.
IV
In the exercise of our writ authority, we are of the opinion that a permanent writ of mandamus should be granted under the circumstances of this case. The date set for the general election is in a few days and the ballot has not been changed despite the final ruling of the OHA. Decisions have to be made to provide finality to this dispute and to ensure a lawful election.
First of all, this is a matter of enforcement and not a matter of Deschene’s quali- *69 fieations, which have been completely adjudicated by the OHA. A final judgment has been issued fully adjudicating the matter and directing the NEA to carry out a ministerial act mandated by 11 N.N.C. § 44. Section 44 states:
In the event of death, resignation or disqualification of any candidate, who by virtue of the primary election was placed on the general election ballot, except the candidates for the Office of the Vice-President of the Navajo Nation, the candidate who received the next highest votes in the primary election preceding the general election shall automatically be placed as the new candidate on the official ballot in the general election following said primary election.
11 N.N.C. § 44 (enacted October 19, 1990) (emphasis added). The ministerial act, imposed by operation of law, required no individual judgment by the NEA, or its Board.
The recording of the October 13, 2014 Board meeting confirms that the Board decided it will not carry out its ministerial duties imposed by 11 N.N.C. § 44. It incorrectly assumed it has authority equivalent to that of the Navajo Nation Council. Recording of the NBOES Board Meeting (filed by Petitioners with their brief on October 20, 2014). The Board does not have authority greater than that of the Council to disregard explicit statutory provisions. The Board also asserted it is “independent” and with the authority to interpret the Election Code. Thus, it stated it will not abide by the decision of the OHA or this Court. While the Board may have managerial need ito understand and interpret election laws to promulgate rules and regulations, it is required to do so consistently with the Election Code. Moreover, under concepts of judicial review, its discretion is limited and the Navajo Nation Supreme Court has appellate jurisdiction to review whether the Board acted within its statutory discretion.” See Pioche v. Navajo Board of Election Supervisors, 6 Nav. R. 360, 364 (Nav. Sup. Ct. 1991), The Board does not have the authority to disregard the Election Code enacted by the Council. It also does not have the authority to substitute its judgment for that of the OHA in defiance. The decision of the Board is of no validity.
This Court must exercise its authority under 7 N.N.C. § 303(A) to issue a writ necessary and proper to protect our appellate authority in the post-judgment phase of the consolidated appeal where this Court remanded with specific instructions and the OHA’s rendered a subsequent decision triggering 11 N.N.C. § 44.
V
This is a matter of our sovereign right to exist as a Nation with its own language. Our sacred language defines us as individuals and as a Nation. Therefore, the following is this Court’s plea to our People. T’ahdoo diktviil yilkáahggdá^’ (Ghqqji’náhást’éigóó yoolkálfyqdfyqa) bee-haz’áanii bee haiidzíí’; Dine Bizaad bit ninhi’t’eelyá áádóó t’óA háadida nihizaad nihil ch’aawóle’ lago nihidoo’niidne’ haalá nihi bee haz’áanii at’é,

Áko, k’ad éí baa saad hólg, hónáásdóó ániid naagháhágíí án% “Shi hanii doo Diñé nishl\\da". Ákót’éigo niha’álchíní yiniinaa ák’é’edlíi dooleelígíí éí doo biniyé áhát’íyia.

Ákó, tsélkqqh dóó ch’ikfáh nohlínígíí t’áá ánóUsxq éí niha’álchíní nohl%\go nihaant-sáhákees. Áko, t’ááshji aanii ashiilchíní-gíí dóó Diñé bi naat’ááh bil haz’qéjdqq’ níhinaanish bi’oh ádeiilyaandi dóó éí biniinaa alk’ihwiit’áahda dooleel, éí binii-naa aniid naagháhágíí dóó náás silfígü áadoo al’aago nihaantsáhákeesí. Hazhó’ó 
*70
nihizaad baa’áhótyq,, baantsókees, áádóó ááhani’nige’ át’éigo bik’i’ dooht\\h dóó baa’ákonohsm, dii baa nanhiikqqh.

Naat’áand dajil\nig%ish\\ baa tx\\sh dook-ahgo, nilm’áttchíní ínáhwiidool’áál dóó biza ad yaa'ákonízin, yidiits’a’ dóó yee yátti’ dooleei hmindzin yee’. Ana’í/Bilagáana binahat’a’ yee nihi naashnish, bizaad yee nihishjizh, nihil hahodiilaago biniinaa ni-hizaad, nihil eh’aa süfi’dóó nihil nantl’a silii’; éí biniinaa nihi beehaz’áanii, nihi-zaad dóó nihee’ó’ool’ii éí ak’i hahiüáago ándoolnííl hmindzin. Azhásh\\ ákót’éigo t’ahdii ana’á k’ehgo nihil haz'dandi nihi-zaad, éí doo nihil eh’aa dooleelda. Nee’nij%’ t’áá’áníit’é nihizaad bee Diñé náániidlíi dooleei. Hózhq Náhodoodleel.

VI
Based on the foregoing, by majority decision, the Court hereby enters a Permanent Writ of Mandamus against the Respondents. Under its administrative duties to implement the Election Code, the NEA is ordered to comply with 11 N.N.C. § 44. The ballots are to be immediately reprinted without the name of the disqualified candidate, Christopher C. Deschene. It is unavoidable that the November 4, 2014 election must be postponed as agreed to by the Chief Legislative Counsel, and as permitted by 11 N.N.C. § 3 to ensure a valid election.
The Petitioners seek the award of attorney’s fees and costs incurred by their clients to compel the government to comply with its ministerial duties under the Election Code. Having prevailed, the award of attorney’s fees and costs will be considered by subsequent proceedings and by separate order by the majority Court.
BLACK dissented on jurisdiction.

. This Court takes judicial notice of the facts arising from public assemblies of elected officials when those facts áre readily determined by government public records.