OPINION

Gwendolene Begay (Appellant) appeals the Window Rock District Court’s dismissal of her tort action against the Navajo Nation (Nation) and its enterprise Navajo Engineering & Construction Authority (NECA) (collectively Appellees) pursuant to Nav. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm the dismissal on other grounds.
I. Background
This tort action arises from an accident on May 24, 2005 wherein Appellant was allegedly injured in a collision between her vehicle and a company vehicle driven by Thomas J. Tyler, Sr. (Tyler), an employee of NECA. The complaint claims damages for injuries allegedly caused by Tyler making a left turn in front of the Appellant while she attempted to pass. Appellant did not name Tyler as a party defendant in her complaint, nor was Tyler’s name provided in the Notice of Intent to Sue sent to the Attorney General and the President. Only Appellees were named as defendants in the Notice of Intent to Sue and on the complaint.
The tort action was initially filed on December 8, 2005 in the Shiprock District Court and later transferred to the Window Rock District Court pursuant to 1 N.N.C. § 555(D). On May 8, 2006 the Nation filed a motion to dismiss Appellant’s complaint under Nav. R. Civ. P. Rule 12(b)(7) claiming that Appellant had failed to provide notice to Tyler and further failed to name Tyler as a necessary party defendant in the complaint, as required pursuant to the Navajo Sovereign Immunity Act (Sovereign Immunity Act) at 1 NN.C. § 555 and Nav. R. Civ. P. Rule 19.
After a two-year period of briefing, discovery (interrogatories and depositions), dismissal for failure of Appellant to prosecute, subsequent reinstatement of the action, and numerous continuances and rescheduling, a hearing on Appellees’ motion to dismiss was finally held on June 18, 2008. At this hearing, Appellees argued that the two-year statute of limitations to join Tyler had run and it was no longer feasible to join him as a necessary party; therefore, pursuant to Nav. R. Civ. P. Rule 19, dismissal was proper.
On July 16, 2008, the district court dismissed the complaint on an alternative ground under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The court reasoned that even if Appellant’s negligence allegations were true, the complaint against NECA and the Nation failed to state a claim upon which relief could be granted because “the Navajo Sovereign Immunity Act (1 N.N.C. § 554(E)(1)) creates a legal bar to any liability of the [Nation or NECA] for the acts or omission of one of their agents, when the agent’s liability has not been established.” The court stated that this wording of the Sovereign Immunity Act required Appellant to include Tyler as a party defendant to establish his liability as an element in any liability action against the Nation.
On July 31, 2008, the Appellant filed a *47 notice of appeal.[1]
II. Statement of Issues
1. Whether it was error for the trial court to dismiss Appellant’s negligence action against Appellees pursuant to Nav. R. Civ. P,, Rule 12(b)(6) for failure to state a claim upon which relief can be granted without first finding that it has jurisdiction over the tort action.
2. Whether the failure to include Tyler in the Notice of Suit and complaint requires dismissal for non-compliance with a jurisdictional condition precedent pursuant to 1 N.N.C. § 555,of the Navajo Sovereign Immunity Act,
III. Standard of Review
The Court reviews the trial court’s dismissal under Nav. R. Civ. P. Rule 12(b)(6) de novo with no deference given to the court’s conclusion. In the Matter of A.M.K., 9 Am. Tribal Law 191, 197-98 (Nav.Sup.Ct.2010).
The notice requirements of the Navajo Sovereign Immunity Act, 1 N.N.C. § 551 et seq., are jurisdictional. Whether they have been fulfilled is a question of law, to be reviewed de novo with no deference to the decision of the trial court. Chapo v. Navajo Nation, 8 Nav. R. 447, 456, 5 Am. Tribal Law 384 (Nav.Sup.Ct.2004); Dale Nicholson Trust v. Chavez, 8 Nav. R. 417, 424, 5 Am. Tribal Law 365 (Nav.Sup.Ct.2004).
IV.Discussion
A.
Pursuant to 1 N.N.C. § 553(A), “[t]he Navajo Nation is a sovereign nation which is immune from suit.” We have stated that sovereign immunity is a jurisdictional defense. Navajo Housing Authority v. Howard Dana and Associates, 5 Nav. R. 157, 160 (Nav.Sup.Ct.1987). Pertinent to this ease, 1 N.N.C. § 554(F) permits the Nation and its enterprise NECA to be sued with respect to claims for personal injury and property damage covered by commercial liability insurance carried by the Nation. This limited exception to immunity depends on compliance with notice and complaint filing procedures set forth at 1 N.N.C. § 555 which are described in the statute as “jurisdictional conditions precedent” when the Nation, its officers, employees, or agents are sued.
In this case, even though Appellees filed its motion to dismiss on the basis that the jurisdictional conditions precedent in Section 555 were not fulfilled, the trial court ordered dismissal instead under Nav. R. Civ. P. Rule 12(b)(6) on the basis that Appellant failed to state a claim upon which relief can be granted. The jurisdictional issue was not resolved.
Nav. R. Civ. P. Rule 8(a)(1) explicitly requires that a complaint must contain a statement for the court’s jurisdiction. Furthermore, we have stated that before a court can hear a matter, it must have personal and subject matter jurisdiction. Navajo Transport Services, Inc. v. Schroeder, 7 Am. Tribal Law 516, 519 (Nav.Sup.Ct.2007) citing Nelson v. Pfizer, 8 Nav. R. 369, 4 Am. Tribal Law 680 (Nav.Sup.Ct.2003). As was recognized in Clark v. Allen, 7 Nav. R. 422, 2 Am. Tribal Law 474 (Nav.Sup.Ct.1999) the proper initial inquiry is whether jurisdiction exists over the *48 parties. Id. at 423, 2 Am. Tribal Law 474. In Clark, which involved a bad faith insurance claim filed against a non-member individual and an insurance carrier, the trial court had failed to make detailed factual findings or legal conclusions concerning its jurisdiction. In that case, this Court stated: “The court shall decide the subject matter jurisdiction issue first, and upon finding jurisdiction, try the lawsuit on the merits.” Id. at 425, 2 Am. Tribal Law 474. It is self-evident that lacking jurisdiction as a court for any reason, the court may not proceed.
We repeat that when jurisdiction has not yet been determined, a matter is not properly before a court; therefore the court lacks authority to sit in judgment over any portion of the matter and may not issue any rulings or orders regarding the substance of the matter. In this case, the trial court erred in ordering dismissal of a suit pursuant to Rule 12(b)(6) for failure to state a claim upon -which relief can be granted without first determining that jurisdiction was proper under the Sovereign Immunity Act.
B.
This Court, has acknowledged that the issuance and filing of a Notice of Intent to Sue as required by 1 N.N.C. § 555(A)(1) is a condition precedent to jurisdiction under the Navajo Sovereign Immunity Act. Chapo v. Navajo Nation, 8 Nav. R. 447, 457, 5 Am. Tribal Law 384 (Nav.Sup.Ct.2004). We have stated that sovereign immunity is absolute and must be expressly waived, and any conditional limitation placed on the Nation’s waiver of immunity must be strictly construed in favor of the tribe. Navajo Housing Authority v. Howard Dana, supra at 160.
In their motion to dismiss, Appellees assert that Tyler is a necessary party, therefore Appellant’s failure to serve Tyler with a Notice of Intent to Sue and name him as a defendant in the complaint renders her non-compliant with the jurisdictional conditions precedent under the Sovereign Immunity Act. Appellant argues that Tyler is not a necessary party because the Nation is being sued on a theory of direct liability. Appellees respond that direct liability is not applicable in this case, which they assert is a vicarious liability suit wherein Tyler’s participation as a party defendant is necessary for a variety of reasons, including jurisdiction.
Appellant has asked this Court to find that the Nation has direct liability for the actions of Tyler as a NECA employee as if the Nation itself were behind the wheel of the company car involved in the accident. Appellees argue that a public entity would be directly liable only for specific actions undertaken in its capacity as a public entity. For example, a public entity would be liable for resulting harm stemming from a negligent policy, such as a municipal police department implementing a policy allowing convicted sex offenders to be police officers in the vicinity of schools, when such a policy resulted in harm. Brief of the Ap-pellee, at 16. Conversely, vicarious liability is “an indirect responsibility, and imposed by the law in situations that an employer or principal would be liable for the actions of an employee or agent.” Id. citing 57B Am.Jur.2d Negligence § 1096 (2008).
Appellees’ descriptions regarding the difference between direct and vicarious liability with respect to the Nation as a public entity are based on well-accepted legal definitions, and we find their argument compelling. In this ease, Tyler as an employee of NECA was driving a company vehicle and his direct actions are alleged to have caused harm in the vehicular accident giving rise to this action. There is no allegation that action or omission of the *49 Nation, acting as a public entity, directly caused the harm in question.
For the foregoing reasons, we agree with Appellees that any alleged harm arose directly from Tyler’s actions and not from direct actions of the Nation in its capacity as a public entity. Therefore, we find that theories of direct liability do not apply to the Nation in this case, and that this suit is a vicarious liability action against the Nation and ÑECA as Tyler’s employers.
As explained in Chapo, this Court recognizes that there are significant legal differences between the two tort concepts and it is important to ensure the proper application of either type of action in a particular situation. In Chapo, the plaintiffs did not name the Nation as a party defendant in their Notice of Intent to Sue. The plaintiffs, however, named the Nation as a defendant in their complaint. The Court explained the principle that the Nation can be sued under two potential forms of liability; either direct or vicarious, and held that if the Nation is sued under the theory of vicarious liability, it need not be named in the notice of intent to sue as long as the employee or official is named. The Court stated: “Naming the officials or employees of the Nation is enough to establish the court’s jurisdiction (over the Nation).” Id. at 457-458, 5 Am. Tribal Law 384. Pursuant to Chapo, it is clear that the official(s) or employee(s) whose actions directly gave rise to the suit is the primary party in any suit against the Nation under a theory of vicarious liability.
Because this is a vicarious liability action, Chapo dictates that Tyler must be named in both the Notice of Intent to Sue and complaint. Merely mentioning Tyler as the driver in factual allegations in the complaint is not sufficient to fulfill the jurisdictional notice conditions of the Sovereign Immunity Act. We hold that the jurisdictional conditions precedent of the Sovereign Immunity Act have not been fulfilled and therefore, the matter may not proceed forward.
The record shows that Appellant sought Appellees’ consent to add Tyler, and that Appellees refused to consent until Appellant properly complied with procedures in 1 N.N.C. § 555. There is no indication that Appellant made further attempts to fulfill the Section 555 jurisdictional conditions precedent. We note that no amended complaint has ever been filed and the statute of limitations, 7 N.N.C. § 602(A), applies as to Tyler and he can no longer be added. Therefore, the matter will not be remanded.
V. CONCLUSION
The Court AFFIRMS the District Court’s dismissal of Appellant’s cause of action on the ground that jurisdictional conditions precedent of the Sovereign Immunity Act were not met and, therefore, the matter may not be heard.

. On February 27, 2006 Appellees had filed a counterclaim for property damage to the NECA vehicle alleging that Appellant was negligent and reckless in her driving. The court's July 16, 2008 Order of Dismissal left the counterclaim intact. Proceedings on the counterclaim were suspended after the Notice of Appeal on the dismissal of the complaint was filed. The counterclaim is not before this Court.