BLACK, Associate Justice by Designation,
Dissenting Opinion.
I respectfully dissent because the petition is insufficient and because the majority’s holding that the Supreme Court has writ jurisdiction to supervise the proceedings of the Navajo Board of Election Supervisors and the Navajo Election Administration is contrary to this Court’s precedents addressing the reach of 7 N.N.C. § 303(A).
The Petition for a Writ of Mandamus is insufficient on its face. The Petition for a Writ of Mandamus contains no copy of any order or resolution of the Navajo Board of Election Supervisors or any other supporting information concerning its bare allegation that the Board and the NEA “have refused to remove RPI from the ballot and to place the third place finisher from the primary on the ballot.” It is the petitioners’ duty to put a complete record before the Court. Legislative Branch/Community Services Program v. Hatathlie, 7 Nav. R. 259, 1 Am. Tribal Law 436 (Nav.Sup.Ct.1997). The petitioners have failed to allege sufficient facts for the Court to issue a writ, and have failed to provide any record.
In my opinion, the Supreme Court lacks jurisdiction to issue the writ. A court must first determine its jurisdiction before a court can hear a matter. Clark v. Allen, 7 Nav. R. 422, 425, 2 Am. Tribal Law 474 (Nav.Sup.Ct.1999) (court shall decide subject matter jurisdiction before trying the lawsuit on the merits); Navajo Transport Services, Inc. v. Schroeder, 7 Am. Tribal Law 516, 519 (Nav.Sup.Ct.2007) (To hear a case, our courts must have both subject matter and personal jurisdiction); Begay v. Navajo Engineering & Construction Authority, 10 Am. Tribal Law 45, 48 (Nav.Sup.Ct.2011) (“We repeat that when jurisdiction has not yet been determined, a matter is not properly before a court; *71 therefore the court lacks authority to sit in judgment over any portion of the matter and may not issue any rulings or orders regarding the substance of the matter”).
The petitioners have the burden to establish that the Supreme Court has jurisdiction to issue a writ against the Board. In my opinion, the petitioners have failed to do so. The Supreme Court does not have unlimited jurisdiction. Nez v. Bradley, 3 Nav. R. 126, 130 (Nav.Ct.App. 1982); Chuska Energy Co. v. Navajo Tax Commission, 5 Nav. R. 98, 99 (Nav. Sup. Ct. 1986). The Supreme Court can acquire and exercise jurisdiction only in the manner prescribed in Title Seven of the Navajo Nation Code. Navajo Nation Division of Resources v. Spencer, 5 Nav. R. 109, 110 (Nav.Sup. Ct. 1986). The Supreme Court’s writ jurisdiction stems from 7 N.N.C. § 303, which gives the Court supervisory authority over lower courts through extraordinary writs. 7 N.N.C. § 303(B), (C). Section 303(A) further authorizes the Supreme Court to issue any writs or orders necessary and proper to the complete exercise of its jurisdiction. This power is available, pursuant to the Court’s appellate jurisdiction, to preserve or protect the Supreme Court’s jurisdiction, Chuska, at 99-100, and performs through the Supreme Court’s appellate jurisdiction. This necessary and proper power has also been described by this Court to be “coextensive with the Court’s appellate jurisdiction.” Cedar Unified School District v. Navajo Nation Labor Commission, 7 Am. Tribal Law 579, 581, n. 3 (Nav.Sup.Ct.2007). Examples of appropriate use of the necessary and proper clause include “cases where the Supreme Court has lawfully acquired jurisdiction but efforts are being pursued to defeat jurisdiction; where the status quo must be maintained pending review of an action on appeal; and where the Supreme Court has potential appellate jurisdiction but there is interference with that jurisdiction which prevents perfection of the appeal. The test is to show a need to preserve and protect the Supreme Court’s appellate jurisdiction.” Chuska, at 101-102.
The Petitioners contend that the Supreme Court’s appellate jurisdiction derives from the consolidated appeal, Tsosie v. Deschene, No. SC-CV-57-14 and SC-CV-58-14, 12 Am.Tribal Law 55, 2014 WL 5100191 (Nav.Sup.Ct.2014), a case between the Petitioners herein and the Real Party in Interest herein. The Respondents in this case were not parties in that appeal. The petitioners cannot piggy-back this case on the previous case to create writ jurisdiction under Section 303(A).
The Petition does not allege anything showing a need to preserve or protect the Supreme Court’s appellate jurisdiction. The petitioners have not shown that either the Navajo Board of Election Supervisors or the Navajo Election Administration is hampering the appellate process. Nor has it been shown that anyone has been denied a right to appeal. In every respect, the Petitioners have failed to satisfy the test which would warrant a writ to preserve or protect the Supreme Court’s appellate jurisdiction. The petitioners cite no authority, nor can any be found, for the Supreme Court’s jurisdiction to review Navajo Board of Election Supervisors or Navajo Election Administration decisions as it would for an adjudicative tribunal. The Navajo Board of Election Supervisors once had adjudicative authority, but it has since been transferred to the Office of Hearings and Appeals. 11 N.N.C. §§ 24, 341; CJA-05-01, January 24, 2001. Not all administrative decisions are appealable to the Supreme Court. An appeal from a final administrative decision is permitted only if a statute exists which expressly provides for an appeal to the Supreme Court. Navajo Nation Dimsion of Resources v. Spencer, *72 5 Nav. R. 109, 111-112 (Nav. Sup. Ct. 1986). No such statute has been cited in this case. The statute creating the Navajo Board of Election Supervisors states that the Board is an independent entity, responsible only to the Navajo Nation Council. 2 N.N.C. § 871. See also Navajo Nation v, Redhome, 6 Nav. R. 305, 307 (Nav. Sup. Ct. 1990).
In finding jurisdiction to issue a writ against the Navajo Board of Election Supervisors and the Navajo Election Administration, the majority ignores this Court’s long-standing precedents finding no such jurisdiction under the necessary and proper clause of Section 303(A). In Bennett v. Navajo Board of Election Supervisors, 6 Nav. R. 201 (Nav. Sup. Ct. 1990), this Court found no authority under 7 N.N.C. § 303 to issue an injunction against the Board of Election Supervisors because 1) the Court’s injunction authority is limited to the district and family courts of the Navajo Nation, and 2) the “necessary and proper” clause functions only through the Court’s appellate jurisdiction, which was not implicated in the petition. As in Bennett, the Petition in this case is not concerned with protecting this Court’s appellate jurisdiction. For this reason, this Court cannot properly grant a writ using the necessary and proper clause of Section 303. Id., at 203. See also Budget and Finance Committee v. Navajo Nation Office of Hearings and Appeals, 6 Am. Tribal Law 717, 720-21 (Nav.Sup.Ct.2008) (where Supreme Court has no appellate jurisdiction, Supreme Court has no jurisdiction to issue a writ); Cedar Unified School District v. Navajo Nation Labor Commission, 7 Am. Tribal Law 579, 581, n. 3 (Nav.Sup.Ct.2007) (under the necessary and proper clause, the Court’s writ jurisdiction is eo-extensive with the Court’s appellate jurisdiction).
This Court has previously summarily denied an application for writs against the Navajo Board of Election Supervisors and the Navajo Election Administration, stating, “this Court will not exercise its original writ authority directly over election officials in their ministerial capacity unless an action has been filed in a lower court, and such action has been disposed of through a final order.” Office of the Navajo Nation President and Vice-President v. Navajo Board of Election Supervisors, 9 Am. Tribal Law 346, 348 (Nav.Sup.Ct. 2010). Likewise, in Navajo Nation Department of Justice v. Begay, No. SC-CV-26-10, this Court found no jurisdiction to issue a writ against a local government official where the petitioner had not first approached a lower court for a writ.
The Court’s decision in In re Two Initiative Petitions, 8 Am. Tribal Law 240 (Nav.Sup.Ct.2009), appears to hold that the Supreme Court may use its writ authority whenever the issues at stake are of significant impact throughout the Navajo Nation, id, 8 Am. Tribal Law at 243, and to ensure public confidence in the Navajo Nation government. The writ authority in that case, however, is more properly derived from the Court’s supervisory power over tribunals, because it concerned superintending control over the Office of Hearings and Appeals, a tribunal of the Navajo Nation over which the Supreme Court has appellate jurisdiction. 11 N.N.C. § 341(A)(4). To permit the assertion of writ jurisdiction in any case of significant impact on the Navajo Nation would violate the principle that the Supreme Court is a court of limited jurisdiction. Although this election case does present an issue of significant impact to the Navajo Nation, it is not within the Supreme Court’s authority to issue a writ against these Respondents because there is no appellate jurisdiction from which such power could derive.