OPINION

Appellant Myron McLaughlin filed a Notice of Appeal on December 3, 2014 pursuant 11 N.N.C. § 341 alleging that the hearing officer who presided over the election challenge did not meet the qualification requirements of 2 N.N.C. § 1053(B)(3) to hold that office and thus the final judgment constitutes a violation of McLaughlin’s rights, requiring the judgment to be vacated and the matter retried. The appeal is timely and we proceed as follows.
I
This Court accepts the sound principle that 1) legislative enactments are presumed valid, 2) an officer appointed to a public post under that enactment is treated in law as a de facto officer should his or her appointment be later challenged, and 3) the acts of the de facto officer are binding upon the community. See The Navajo Nation v. MacDonald, 6 Nav. R. 463, 467 (W.R. Dist. Ct. 1989). In the case at hand, Richie Nez was appointed as a Hearing Officer by the President pursuant to 2 N.N.C. § 1053. We therefore presume the President made a proper and legal appointment for there is nothing from which we can conclude that Richie Nez, a duly installed Hearing Officer, was without at least color of law to preside over this matter or any other matter in the GHA.[1] We therefore conclude that Richie Nez was at least a de facto Hearing Officer,
Generally, a de facto judge, or a hearing officer for that matter, is not subject to attack in a collateral proceeding or to challenges first raised on appeal. See 46 Am. Jur.2d, Judges, § 236 (November 2014). This proposition is supported by The Navajo Nation v. MacDonald, supra, for the decisions of the de facto officer are binding. We therefore reject any challenges to the validity of the final judgment entered by Chief Hearing Officer Richie Nez. The Court accepts the appeal of OHA’s final judgment, as filed.
McLaughlin informs this Court that a Motion To Amend or Otherwise Vacate The Final Judgment For New Trial was filed in the OHA just prior to this appeal, requiring disposition before this appeal proceeds. Disposition on the post-judgment motion on grounds that the hearing officer who presided over the contested matter did not meet the qualifications re *136 quired by law is not necessary in view of our ruling above and this appeal wherein all preserved issues will be addressed on appeal as in any other lawsuit. We therefore proceed without further delays.
II
Under section 341(A)(4), “[a] party who wishes to appeal from a decision of the Office of Hearings and Appeals must file a Notice of Appeal with the Supreme Court of the Navajo Nation within 10 days after the decision is made.” This provision is similar to the requirement found in 11 N.N.C. § 24(G). However, unlike section 24, section 341 does not specify a time-frame in which the Supreme Court should complete its review upon the filing of the Notice of Appeal. Nevertheless, in the Supreme Court, election cases are given priority over all ordinary civil cases as required by Rule 27 of the Navajo Rules of Civil Appellate Procedure. To ensure an expedited review, by practice this Court applies the timeline specified in section 24(G) to appeals of election cases commenced under section 341(A)(4), which requires a review no later than 15 days from the date of the filing of the appeal. Considering an appellant has 10 days to launch an appeal under section 24 or 341, we find this practice in accordance with the legislative intent to expedite challenges and to ensure elections are not unnecessarily delayed. See In the Matter of the Navajo Nation Election Administration ⅛ Determination of Insufficiency Regarding Two Initiative Petitions, Shirley v. Office of Hearings and Appeals, 8 Am. Tribal Law 240, 244-45 (Nav.Sup.Ct.20Q9) (recognizing the expediency with which to hear election contests).
McLaughlin timely filed a Notice of Appeal. Though the appeal was filed in accordance with the Navajo Rules of Civil Appellate Procedure, we have observed over the years that our appellate rules do not distinguish and clarify how expedited cases are to be processed. The briefing timeframes for ordinary appeals as specified in our appellate rules are not conducive to matters of priorities, like elections. We therefore clarify our appellate rules as to future filings of election appeals. In an appeal of an election matter to the Supreme Court, the appellant shall file his or her opening brief contemporaneously with the Notice of Appeal. The appellant shall ensure the transmittal of the record on appeal, including the audio recording of the final proceeding if determined to be necessary, within 10 days of the Notice of Appeal. Thereafter, the appellee shall file his or her response brief within 10 days of appellant’s brief. This ensures the appel-lee has ample time to file a response and this Court has some time to review the matter within the 15 days afforded to this Court. This clarification of our civil appellate rules is to apply prospectively.
Ill
As to this appeal, the briefing schedule will be accelerated as follows:
1. McLaughlin shall file his opening brief by 10:00 am, December 8, 2014.
2. McLaughlin shall ensure the transmittal of the record on appeal by 5 pm, December, 11,2014.
3. Appellee Russell Begaye shall file his response brief by 10:00 am, December 12, 2014.
4. No reply brief is required nor will
be accepted.
5. Absolutely no late briefs will be accepted.
6. The Office of Hearings and Appeals, through its legal representative, shall file a response to the allegations set forth in the December 3, *137 2014 Notice of Appeal by 12:00 pm, December 12, 2014.
7. The Office of the President, through its legal representative, may file a response to the December 3, 2014 Notice of Appeal by 12:00 pm, December 12, 2014.
Should the Court determine a hearing on the matter is warranted, the parties shall be notified at a later date.

. Appellant does not challenge the President's action in appointing and retaining Richie Nez as a Hearing Officer. Instead, Appellant simply alleges that Nez has not fulfilled the requirement that he become a state-licensed attomey within one year of his appointment. Thus, it is indisputable that Richie Nez as a Hearing Officer was operating under color of law.